**COMMONWEALTH of Pennsylvania,
Appellant**

**v.**

**Willard Oakley MOSER, Appellee.**

Superior Court of Pennsylvania.

Submitted March 29, 2010.

Filed July 8, 2010.

Thomas L. Kearney, III, Assistant District Attorney, York, for Commonwealth, appellant.

---

\* Retired Senior Judge assigned to the Superior Court.

1. In its notice of appeal, the Commonwealth certified that the order in question would terminate or substantially handicap its prosecution of Appellee. *See Commonwealth v.*

Joseph A. Kalasnik, Hanover, for appellee.

BEFORE: BOWES, J., McEWEN, P.J.E., and CLELAND,\* J.

OPINION BY BOWES, J.:

¶ 1 The Commonwealth appeals from the August 18, 2009 order of court in which the trial court denied the Commonwealth's motion *in limine* to admit into evidence Appellee's prior *nolo contendere* plea to indecent assault to prove absence of mistake or accident.[1] We affirm.

¶ 2 On September 8, 2008, Appellee was charged with two counts each of indecent assault, unlawful contact with a minor, and corruption of minors. Following a preliminary hearing, the Commonwealth amended the complaint to include an additional charge of criminal attempt to commit indecent assault and criminal attempt to commit unlawful contact with a minor, and withdrew one count of corruption of minors. The charges stemmed from an alleged incident between Appellee and his then thirteen-year-old step-granddaughter. The Commonwealth contends that Appellee placed his hand under the shirt of his step-granddaughter and rubbed her breast on two separate occasions on May 12, 2008. In addition, it is alleged that Appellee attempted to remove the victim's pants while utilizing a flashlight to view her vaginal area.

¶ 3 In an interview with an investigating officer, Appellee informed the police that he placed his hand on the victim's chest to determine if she was breathing adequately because the victim admittedly was suffer-

*Gordon,* 543 Pa. 513, 673 A.2d 866 (1996); *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985); Pa.R.A.P. 311(d). Appellee contends that the order will not substantially handicap the prosecution and the Commonwealth argues the issue within its appellate brief; hence, we address the issue *infra.*

ing from a chest cold and had been coughing throughout the night. Appellee explained that if his hand went under the victim's shirt and touched her breast that it was an accident. In order to refute Appellee's possible accident claim, the Commonwealth filed a motion *in limine* seeking to introduce Appellee's August 2000 *nolo contendere* plea to indecent assault of his then seventeen-year-old daughter.

¶ 4 The factual allegations underlying the *nolo contendere* plea were that Appellee touched his seventeen-year-old daughter in the vaginal area and fondled her breasts without her consent. The Commonwealth stipulated at the time of the plea that due to evidentiary issues and mental health issues with the Commonwealth's witnesses it believed that a *nolo contendere* plea was appropriate.

¶ 5 After reviewing the transcript from the *nolo contendere* plea and hearing argument on the Commonwealth's motion, the trial court determined that the prejudicial effect of introducing the *nolo contendere* plea outweighed the probative value of the evidence and denied the Commonwealth's motion.

¶ 6 This appeal followed, wherein the Commonwealth raises three questions for our consideration.

I. Did the Trial Court err in denying the Commonwealth's Motion in Limine to admit at trial evidence of [Appellee's] conviction for indecent assault to prove absence of mistake or accident pursuant to Rule 404(b) of the Rules of Evidence where [Appellee] is currently charged with an indecent assault that is substantially similar in nature to the prior conviction and [Appellee] claims that his conduct was the result of an accident or mistake?

II. Did the Trial Court err in denying the Commonwealth's Motion in Limine to admit at trial evidence of [Appellee's] prior conviction for indecent assault to prove absence of mistake or accident pursuant to Rule 404(b) of the Rules of Evidence when it found that the prejudice caused to [Appellee] outweighed the probative value of the evidence and an instruction to the jury that the prior conviction evidence is to be used for the limited purpose of excluding accident as the cause of [Appellee's] conduct would not cure said prejudice?

III. Did the Trial Court substantially handicap the Commonwealth's case when it denied the Commonwealth's Motion in Limine to admit at trial evidence of [Appellee's] prior conviction for indecent assault to prove absence of mistake or accident pursuant to Rule 404(b) of the Rules of Evidence where use of the prior conviction is necessary for the Commonwealth to show the implausibility of [Appellee's] explanation for the improper contact between himself and the minor victim?

Commonwealth's brief at 7.

▮ ¶ 7 We address the Commonwealth's last issue first, as it raises a question of jurisdiction. In its Statement of Jurisdiction, on page four of its appellate brief, the Commonwealth contends that this Court has jurisdiction over this interlocutory appeal pursuant to Pa.R.A.P. 311(d). Rule 311(d) provides that in a criminal case "the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution."

Pa.R.A.P. 311(d). In *Commonwealth v. Gordon*, 543 Pa. 513, 673 A.2d 866 (1996), our Supreme Court held that the Commonwealth may appeal the granting of a defense motion *in limine* which excludes Commonwealth evidence and has the effect of substantially handicapping the prosecution.

■ ¶ 8 In the present case, the Commonwealth, pursuant to Pa.R.E. 404(b)(4), filed the underlying motion *in limine* to introduce evidence of other crimes, wrongs, or acts, for the purpose of showing absence of mistake or accident. Although the Commonwealth filed the instant motion, the result was the exclusion of possible Commonwealth evidence. Accordingly, as the trial court ruling excludes Commonwealth evidence and the Commonwealth has certified that the effect of the ruling substantially handicaps the prosecution, we find that this appeal is properly before this Court. *See Commonwealth v. Shearer*, 584 Pa. 134, 882 A.2d 462 (2005); *Commonwealth v. Cosnek*, 575 Pa. 411, 836 A.2d 871 (2003); *Commonwealth v. Matis*, 551 Pa. 220, 710 A.2d 12 (1998).[2]

■ ¶ 9 Having concluded that we have jurisdiction to decide this appeal, we next examine the Commonwealth's substantive claims. The Commonwealth contends that the trial court erred in denying its motion *in limine* to introduce Appellee's August 2000 *nolo contendere* plea to indecent assault to prove absence of mistake or accident.[3] In evaluating the denial or grant of a motion *in limine*, our standard of review is well-settled:

> When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Commonwealth v. Minich*, 2010 PA Super 66, ¶ 13 (citations and quotations omitted).[4]

¶ 10 In leveling its argument, the Commonwealth asserts that the facts of the prior act are substantially similar to the instant case and the evidence is necessary to disprove Appellee's possible defense of accident. Hence, the Commonwealth argues that the trial court should have allowed the introduction of the evidence pursuant to Pa.R.E. 404(b). Pa.R.E. 404(b) provides:

**(b) Other crimes, wrongs, or acts.**

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.

(2) Evidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident.

---

2. Both the trial court and Appellee have requested that this Court inquire into the Commonwealth's good-faith certification; however, we are not permitted to conduct such an inquiry. *See Commonwealth v. White*, 589 Pa. 642, 910 A.2d 648, 654–55 (2006); *Commonwealth v. Boczkowski*, 577 Pa. 421, 846 A.2d 75, 87 (2004); *Commonwealth v. Cosnek*, 575 Pa. 411, 836 A.2d 871, 877 (2003).

3. The facts giving rise to the *nolo contendere* plea occurred in March of 1999.

4. Although generally our standard of review is for abuse of discretion, if the evidentiary question is purely one of law, our review would be plenary. *See Schroeder v. Jaquiss*, 580 Pa. 381, 861 A.2d 885, 889 (2004).

(3) Evidence of other crimes, wrongs, or acts proffered under subsection (b)(2) of this rule may be admitted in a criminal case only upon a showing that the probative value of the evidence outweighs its potential for prejudice.

(4) In criminal cases, the prosecution shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Pa.R.E. 404(b). In support of its position, the Commonwealth references *Commonwealth v. Donahue*, 519 Pa. 532, 549 A.2d 121 (1988), and *Commonwealth v. Boczkowski*, 577 Pa. 421, 846 A.2d 75 (2004), and urges this Court to allow the Commonwealth to offer evidence of substantially similar prior acts in all cases where the Commonwealth must prove intentional conduct and the defendant contends his actions were accidental. In *Boczkowski*, our Supreme Court held that, "At least for purposes of a homicide prosecution, where the victim, of course, is unavailable, we reject the notion that proof of an absence of accident is admissible only for responsive purposes." *Boczkowski, supra* at 88. Thus, the Court determined that the Commonwealth could introduce absence of accident evidence prior to the defendant affirmatively raising the defense. *Donahue* and *Boczkowski*, however, did not involve a *nolo contendere* plea.

■■■■ ¶ 11 We note that although a *nolo contendere* plea has the same effect as a guilty plea for purposes of sentencing and is considered a conviction, it is not an admission of guilt. *Commonwealth v. Lewis*, 791 A.2d 1227 (Pa.Super.2002). Unlike a guilty plea, a *nolo contendere* plea does not involve an acknowledgment as to having committed an illegal act. *See Commonwealth v. Snavely*, 982 A.2d 1244 (Pa.Super.2009). Rather, the *nolo contendere* plea admits that the allegations, if proven, meet the elements of the offense or offenses charged. Hence, in pleading no contest, Appellee did not admit to having committed the acts alleged. In addition, "[t]he difference between a plea of *nolo contendere* and a plea of guilty is that, while the latter is a confession binding defendant in other proceedings, the former has no effect beyond the particular case." *Commonwealth ex rel. Monaghan v. Burke*, 167 Pa.Super. 417, 74 A.2d 802, 804 (1950).

■■■ ¶ 12 More importantly, under Pa.R.E. 410(a)(2), evidence of a plea of *nolo contendere* is not admissible in a criminal proceeding against the defendant who made the plea.[5] Pa.R.E. 410 reads in pertinent part:

**Rule 410. Inadmissibility of pleas, plea discussions and related statements**

**(a) General rule.** Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

. . . .

(2) a plea of *nolo contendere;*

. . . .

. . . .

**(b) Exception.** A statement made in the course of a plea, proceedings, or discussions identified in subsection (a) of this rule is admissible (1) in any proceeding wherein another statement

---

**5.** We acknowledge that neither party has addressed Pa.R.E. 410(a)(2) in their respective briefs; however, this Court may affirm a decision of the trial court if there is any basis on the record to support the trial court's actions, even if we rely on a different basis. *Commonwealth v. Allshouse*, 985 A.2d 847 (Pa.2009).

made in the course of the same plea or plea discussions has been introduced by the defendant and the statement ought in fairness to be considered contemporaneously with it, or (2) in a criminal proceeding for perjury, false swearing or unsworn falsification to authorities if the statement was made by the defendant, under oath, and in the presence of counsel.

Pa.R.E. 410(a)(2). Although Pennsylvania case law interpreting Pa.R.E. 410(a)(2) is largely non-existent and we have found no case law discussing the interplay between Pa.R.E. 410(a)(2) and Pa.R.E. 404(b), a plain reading of Rule 410(a)(2) indicates that a defendant is protected from the introduction of a *nolo contendere* plea in any criminal proceeding.

¶ 13 While the rule does not prohibit the use of a conviction resulting from a *nolo contendere* plea for purposes of impeachment, *see Commonwealth v. Jones*, 375 Pa.Super. 194, 544 A.2d 54, 56 n. 1 (1988),[6] the prosecution in the instant case is attempting to use the underlying facts elicited at the *nolo contendere* plea hearing and not the fact of the conviction itself to establish the absence of an accident.

■ ¶ 14 Since Pa.R.E. 410(a)(2) is dispositive of the issues raised, we need not discuss whether the probative value of the plea would outweigh its prejudicial impact[7] or whether a hypothetical jury instruction could cure the prejudicial impact of the proposed evidence.[8]

---

**6.** Pa.R.E. 609 permits introduction of a plea of *nolo contendere* to crimes involving dishonesty or false statement, commonly referred to as *crimen falsi* crimes, for purposes of impeaching a witness's credibility. Additionally, 42 Pa.C.S. § 5918 limits the use of a prior conviction in criminal cases as follows:

> No person charged with any crime and called as a witness in his own behalf, shall be asked, or if asked, shall be required to answer, any question tending to show that he has committed, or been charged with, or been convicted of any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation unless: (1) he shall have at such trial, personally or by counsel, asked questions of the witness for the prosecution with a view to establish his own good reputation or character, or has given evidence tending to prove his own good character or reputation; or (2) he shall have testified at such trial against a codefendant, charged with the same offense.

42 Pa.C.S. § 5918.

**7.** The rule of evidence itself indicates that such evidence has been deemed more prejudicial than probative.

**8.** While the rules of evidence bar the introduction of a plea of *nolo contendere* for purposes other than impeachment, the Commonwealth may introduce evidence of Appellee's prior bad acts through other means so long as it can demonstrate the probative value of the evidence outweighs the prejudicial impact. *See Commonwealth v. Ardinger*, 839 A.2d 1143 (Pa.Super.2003).

For example, in *Commonwealth v. Luktisch*, 451 Pa.Super. 500, 680 A.2d 877 (1996) and *Commonwealth v. Aikens*, 990 A.2d 1181 (Pa.Super. 2010), this Court upheld the introduction of testimony from prior victims of sexual abuse to establish a common scheme, plan or design in cases involving different victims.

In *Luktisch*, the defendant's daughter was permitted to testify regarding a fourteen-year-old uncharged incident in which the daughter alleged that her father raped her when the defendant was on trial for raping his stepdaughter. Similarly, in *Aikens*, we held that fifteen-year-old evidence of the defendant's prior sexual assaults against his daughter, introduced by way of her testimony, was admissible to show a common scheme, plan or design where the defendant was charged with assaulting a different daughter. *See also Commonwealth v. O'Brien*, 836 A.2d 966 (Pa.Super.2003).

In addition, in *Commonwealth v. Donahue*, 519 Pa. 532, 549 A.2d 121 (1988), our Supreme Court allowed the introduction of testimony from a medical doctor regarding the defendant's prior child abuse of one child in a homicide trial for the killing of another child,

¶ 15 Order affirmed. Jurisdiction relinquished.

which resulted from abuse, to refute the defendant's claim of accident.