J-A22001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RODNEY NISSLEY | |
| Appellant | No. 2182 MDA 2014 |

Appeal from the Judgment of Sentence August 28, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002513-2013

BEFORE:  BOWES, JENKINS, AND PLATT,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 09, 2015**

Rodney Nissley appeals from the judgment of sentence of ten to twenty years incarceration followed by ten years probation imposed by the trial court after a jury found him guilty of three counts each of aggravated indecent assault and indecent assault, and one count each of aggravated indecent assault of a child, indecent exposure, corruption of a minor, and unlawful contact with a minor.  We affirm.

Appellant adopted the victim when she was three years old.  Beginning when the victim was in the third grade, Appellant began to touch her inappropriately on her genitalia and breasts.  The victim asserted that when she was between seven and eight years of age that Appellant also attempted to put his penis inside her vagina.  He would at other times masturbate and

---
* Retired Senior Judge assigned to the Superior Court.

ejaculate on her stomach. In addition, when the victim was between the ages of eleven and twelve, Appellant would remove the victim's bra and touch her breasts. This transpired once or twice a week for ten to fifteen minutes.

The victim told her boyfriend of the incidents of being touched on her chest when she was in middle school and again complained to him of the abuse on November 20, 2012, after she got into an argument with Appellant when she went to another boy's home while his parents were not home.[1] At that time, she was fourteen years old. The victim's boyfriend then, without providing details to his mother, disclosed that the victim needed help. The mother told him that the victim needed to speak with her guidance counselor. Accordingly, the next day, at school, the victim and her boyfriend went to the guidance counselor, to whom the victim reported the abuse.

Police were alerted and an investigation ensued. As part of the investigation, the victim was interviewed by an entity called the Children Resource Center ("CRC"). During the interview, she was asked whether anyone had taken pictures of her naked. The victim responded in the negative. Prior to trial, Appellant requested to introduce evidence via an email exchange with the victim and her then-boyfriend that indicated that

_____

[1] The victim described her relationship with her boyfriend as being really good friends and then beginning to date in eighth grade. She maintained that they hugged and kissed and that was the extent of their relationship.

the boyfriend was in possession of a picture of the victim's naked genitalia. The trial court precluded this evidence and the case proceeded to trial. The jury found Appellant guilty of the aforementioned charges, and could not reach a verdict on counts of rape of a child, statutory sexual assault, and incest.

Thereafter, the trial court conducted a joint sexually violent predator and sentencing hearing. The court sentenced Appellant to an aggregate sentence of ten to twenty years imprisonment to be followed by ten years of probation. Appellant filed a timely post-sentence motion, which the court denied. This appeal ensued. Appellant raises one issue for our review, "Whether the trial court erred in excluding impeachment evidence which would have shown that the alleged victim lied during her children's resource center interview?" Appellant's brief at 4.

Appellant's claim relates to the trial court's admission of evidence. Evidentiary rulings are governed by an abuse of discretion standard. *Commonwealth v. Moser*, 999 A.2d 602 (Pa.Super. 2010). The trial court ruled that the victim's statement to CRC was not inconsistent with the existence of a naked photograph. It further ruled that the evidence was collateral to the allegations and would not have altered the verdict. Appellant argues that the excluded evidence was relevant, did not violate the Rape Shield Law, and was not collateral to the main issue in the case. In addition, he maintains that any confusion over whether the interviewer's

- 3 -

question included whether the victim herself took a picture of herself naked should be construed in his favor.

The Commonwealth now asserts that the victim took the picture herself and that the trial court correctly ruled that the question in the CRC interview asked whether another person took such a picture. It further maintains that the context of the interview concerned sexual abuse and therefore any ambiguity in the question is resolved by considering the context of the question.

Additionally, it submits that the allegation pertains to a collateral issue and that a witness's credibility cannot be impugned by specific instances of conduct that do not result in the conviction of a crime. The Commonwealth relies on **Commonwealth v. Minich**, 4 A.3d 1063 (Pa.Super. 2010). Therein, the defendant was charged with sex offenses against two minors. The defendant sought to introduce into evidence the fact that one of the victims had allegedly been caught lying in school about matters unrelated to the allegations against him. This Court, based on Pa.R.E. 608[2] and its

_____

[2] The rule currently reads:

> (a) Reputation Evidence. A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked. Opinion testimony about the witness's character for truthfulness or

*(Footnote Continued Next Page)*

prohibition against the use of specific instances of conduct to attack the character of a witness for truthfulness, reversed the trial court's decision to allow that evidence.

Assuming *arguendo* that the question asked of the victim included an inquiry into whether she herself had taken a naked picture of her own body, and that she lied, we find that the evidence was not admissible under the **Minich** Court's interpretation of Rule 608. Here, whether she took a picture of herself naked does not pertain to the allegations she made against Appellant. This fact is unrelated to the charges. Moreover, it is a specific instance of conduct. For these reasons, the trial court did not err.

_____

*(Footnote Continued)*

untruthfulness is not admissible.

(b) Specific Instances of Conduct. Except as provided in Rule 609 (relating to evidence of conviction of crime),

(1) the character of a witness for truthfulness may not be attacked or supported by cross-examination or extrinsic evidence concerning specific instances of the witness' conduct; however,

(2) in the discretion of the court, the credibility of a witness who testifies as to the reputation of another witness for truthfulness or untruthfulness may be attacked by cross-examination concerning specific instances of conduct (not including arrests) of the other witness, if they are probative of truthfulness or untruthfulness; but extrinsic evidence thereof is not admissible.

Pa.R.E. 608.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/2015