J-A24046-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RUTH PHILLIPS | |
| Appellant | No. 3606 EDA 2014 |

Appeal from the Judgment of Sentence November 20, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006767-2013

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED NOVEMBER 16, 2015**

Appellant, Ruth Phillips, appeals from the judgment of sentence entered after she pled *nolo contendere* to seven counts of forgery, one count of theft by unlawful taking, and one count of theft by deception. After careful review, we affirm.

Phillips did not plead *nolo contendere* until the Commonwealth had presented three days of testimony on these charges. The evidence presented by the Commonwealth at trial revealed that Phillips had been employed as a bookkeeper for a family business. After several reassurances, the business owners discovered that Phillips had indeed been

_____

[*] Retired Senior Judge assigned to the Superior Court.

embezzling money from them. Phillips was eventually charged with theft of nearly $600,000.

After hearing the evidence put forth by the Commonwealth and consultation with her attorney, Phillips agreed to plead *nolo contendere* to the charges. After a full colloquy, Phillips's plea was accepted by the trial court. At sentencing, Phillips did not object to the amount of restitution claimed by the Commonwealth. The trial court sentenced Phillips to a period of incarceration of one to two years, to be followed by seven years of probation.

Thereafter, appellate counsel, who was not trial counsel, filed a post-sentence motion to withdraw Phillips's plea. The trial court scheduled a hearing. Furthermore, appellate counsel filed a motion for extension of bail during post-sentence proceedings, but the trial court denied the motion. The scheduled hearing never occurred, as Phillips subsequently filed a motion to withdraw the post-sentence motion, and concurrently filed a notice of appeal.[1] At the same time, the trial court granted trial counsel's petition to withdraw his appearance. Shortly thereafter, Phillips filed with this Court an emergency application requesting that she be released on bail pending appeal.

---

[1] Phillips's appeal is thus timely pursuant to **Commonwealth v. Miller**, 715 A.2d 1203 (Pa. Super. 1998).

The trial court ordered Phillips to file a concise statement of issues to be raised on appeal. Phillips responded with a timely statement raising 54 issues.

In her appellate brief, Phillips has winnowed this staggering number down to 13. However, the argument section of her brief consists of one single section, spanning 4½ pages. This rambling argument section fails to present any cognizable arguments in support of the 13 issues Phillips claims to be raising. At best, the section presents arguments concerning the evidence presented by the Commonwealth at trial. However, these arguments are waived pursuant to Phillips's plea. *See Commonwealth v. Moser*, 999 A.2d 602, 606 (Pa. Super. 2010) (*nolo contendere* plea is the functional equivalent of a guilty plea despite the lack of admission of guilt); *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014) (after a guilty plea, all issues are waived save for jurisdiction, the validity of the plea, and the legality of the sentence).

Regarding any other issues that may be arguably present in Phillips's convoluted appellate brief, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review[,] a Court will not consider the merits thereof." *Branch Banking and Trust v. Gesiorski*, 904 A.2d 939, 942-943 (Pa. Super. 2006). Phillips is due no relief on appeal.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/16/2015</u>