J-S17014-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL THOMPSON, | |
| Appellant | No. 3322 EDA 2018 |

Appeal from the PCRA Order Entered March 13, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013617-2012

BEFORE:  BENDER, P.J.E., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 05, 2019**

Appellant, Michael Thompson, appeals from the post-conviction court's March 13, 2018 order denying his petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

The PCRA court summarized the pertinent facts and procedural history of this case, as follows:

> By way of background, [Appellant] was charged with, *inter alia*, Unlawful Contact with a Minor - Sexual Offenses, Dissemination of Photo/Film of Child Sex Acts, and Indecent Assault - [Without] Consent of Other.  These charges were lodged against [Appellant] as a result of an incident that occurred on August 7, 2012, during which [Appellant] gave a beer to his sixteen year-old cousin and then commented about her body, after which he then placed his fingers inside her panties, about one inch from her vagina, without her consent[,] at his home after giving her a ride from school.  While inside [Appellant's] home, the victim observed photographs of young women who were possibly under the age of eighteen on [Appellant's] computer. The victim reported the incident and what she observed to

authorities[,] who obtained a search warrant for [Appellant's] computer. The search of the computer uncovered several photographs of children under the age of eighteen depicted in a sexualized manner and engaging in sex acts. (N.T.[,] 10/21/13, [at] 13-14).

[Appellant] appeared before this [c]ourt on October 21, 2013, and immediately prior to the commencement of jury selection[, he] entered a negotiated plea of *nolo contendere* to the above[-] listed charges. In exchange for his plea[,] the Commonwealth agreed to recommend that a sentence of seven and one-half to fifteen years' incarceration be imposed on [Appellant]. ([*Id.* at] 7). The Commonwealth advised [Appellant] that it would not be seeking a Megan's Law assessment as to whether he was [a] sexually violent predator because [Appellant] was subject to lifetime registration due to a prior conviction. ([*Id.* at] 5, 12).

After [Appellant] completed a colloquy form with the assistance of counsel and this [c]ourt conducted a colloquy of [Appellant], this [c]ourt accepted [Appellant's] *nolo [contendere]* plea and imposed the recommended sentence. On October 29, 2013, [Appellant] filed a motion to withdraw his *nolo [contendere]* plea. Said motion was heard and denied on March 25, 2014. [Appellant] did not file an appeal after his motion was denied.

On April 25, 2014, [Appellant] filed a petition under the … PCRA[], seeking an order permitting him to file a notice of appeal *nunc pro tunc*. Said petition was granted on July 21, 2014, following which [Appellant] filed a timely notice of appeal and a Pa.R.A.P. 1925(b) Statement of Matters.

On May 4, 2015, the Superior Court affirmed the judgment of sentence. ([***Commonwealth v. Thompson***, No.] 2077 EDA 2014[, unpublished memorandum (Pa. Super. filed May 4, 2015)]). [Appellant] did not file a petition seeking allowance of appeal. On June 2, 2016, [Appellant] filed a *pro se* PCRA petition.

\*\*\*

Counsel was appointed to represent him and on February 4, 2017, counsel filed an amended petition. In it, counsel raised a single issue alleging that plea counsel was ineffective for permitting [Appellant] to enter a plea unknowingly,

- 2 -

unintelligently, and [in]voluntarily because [Appellant] stated that he did not agree with the facts proffered by the Commonwealth.

After the Commonwealth filed a response and this [c]ourt carefully reviewed the entire record, this [c]ourt determined that [Appellant's] claims [raised in both his *pro se* and counseled petitions] lacked merit and that an evidentiary hearing was unnecessary. Consequently, this [c]ourt sent [Appellant] a Pa.R.Crim.P. 907 Notice of Intent to Dismiss on December 13, 2017, and on January 16, 2018, this [c]ourt issued an order dismissing the petition.

On January 16, 2018, [Appellant] filed a Notice of Appeal to the Superior Court. However, due to an error in the 907 Notice, [Appellant] withdrew the appeal so that this [c]ourt could send [Appellant] an amended 907 Notice. On February 13, 2018, this [c]ourt rescinded its order of January 16, 2018, dismissing [Appellant's] PCRA petition and sent [Appellant] a corrected 907 Notice. On March 6, 2018, [Appellant] filed a *pro se* response to the 907 notice wherein he raised [additional issues.]

***

On March 13, 2018, this [c]ourt, having again reviewed the entire record, issued an order denying [Appellant] PCRA relief. [Appellant] thereafter filed a timely notice of appeal.

PCRA Court Opinion (PCO), 3/28/18, at 1-5.[1]

On appeal, Appellant presents one question for our review:

1. Did the PCRA court err in dismissing Appellant's PCRA [p]etition without a hearing because plea counsel [was] ineffective for allowing Appellant to enter a plea when the factual recitation was not accepted and Appellant should be allowed to withdraw his plea because it was not knowing, intelligent, and voluntary?

Appellant's Brief at 4.

---

[1] The court did not order Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. However, the court filed a Rule 1925(a) opinion on March 28, 2018, addressing the claims raised in Appellant's *pro se* petition, counsel's amended petition, and Appellant's *pro se* response to the court's Rule 907 notice.

- 3 -

We begin by recognizing:

> Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

Pennsylvania has recast the two-factor inquiry regarding the effectiveness of counsel set forth by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as the following three-factor inquiry:

> In order to obtain relief based on [an ineffective assistance of counsel] claim, a petitioner must establish: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) petitioner suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error.

Trial counsel is presumed to be effective, and Appellant bears the burden of pleading and proving each of the three factors by a preponderance of the evidence.

The right to the constitutionally effective assistance of counsel extends to counsel's role in guiding his client with regard to the consequences of entering into a guilty plea.

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.

Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014) (quoting

*Commonwealth v. Barndt*, 74 A.3d 185, 191–92 (Pa. Super. 2013))

(cleaned up).

In this case, aside from setting forth the law that governs our review of

his ineffectiveness claim, *see* Appellant's Brief at 8-11, Appellant's entire

argument regarding how his plea counsel acted ineffectively in this case is as

follows:

> Presently, Appellant did not accept the factual recitation. NT, 10/21/2013, at 14-15. Instead of seeking to end the process and proceed to trial, plea counsel immediately transformed the process into a no contest plea without any consultation with Appellant. [*Id.*] at 16. There were clearly factual issues that Appellant contested. [*Id.*] at 15. The PCRA court baldly states that there was no manifest injustice. [PCO] at 16-18.[2] However, the facts were not accepted by Appellant and the transition to a no contest plea was immediate without any on the Record explanation from plea counsel. Plea counsel was ineffective for effectively forcing a plea upon Appellant. Therefore, Appellant respectfully requests remand for a new trial.

---

[2] We point out that Appellant cites to a portion of the PCRA court's opinion wherein it addressed specific claims that he does not raise on appeal, *i.e.*,

> that the court "committed an abuse of discretion by denying him the right to withdraw his plea based on his failure to meet the manifest injustice standard because: 1.) he was not told the crimes he was pleading guilty to; 2.) he was never told as part of his sentence that he would have to register as a sexual offender every three months for the remainder of his life; 3.) [Appellant] did not commit the crimes he pleaded guilty to as set forth in the information; and 4.) [Appellant] was advised that he freely could withdraw his plea within ten days of the date he entered his plea and was sentenced.

PCO at 16.

Appellant's Brief at 12.

Appellant's scant argument fails to convince us that his plea counsel acted ineffectively. At the plea proceeding, the Commonwealth stated the facts and the court asked if Appellant agreed with them, to which Appellant replied, "No, I don't agree with them." N.T. Plea/Sentencing, 10/21/13, at 14. The following exchange then occurred:

THE COURT: Do you want to talk to your attorney?

[Appellant]: I'm agreeing to this, but I am not agreeing to that.

THE COURT: Well, we're not saying you agree to everything the Commonwealth said, but in substance do you agree with that?

[Appellant]: I'm just telling you. I don't agree with that. I agree to this, but I don't agree to that.

THE COURT: [Counsel], do you want to talk to your client?

[Defense Counsel]: Yes, sir.

(Pause.)

\*\*\*

[Defense Counsel]: Your Honor, is there any way that we can have some kind --

THE COURT: Well, he can plead *nolo* [*contendere*]. You can make his plea *nolo* [*contendere*], that you don't contest the facts.

[The Commonwealth]: Then [Appellant] doesn't have to agree with the facts. He's just found guilty of the facts.

THE COURT: All right. We're going to change this. So what I've discussed with you before, a *nolo contender[e]* plea is a no contest, basically saying I'm not agreeing with -- or I have no position. I'm not pleading guilty. I'm not contesting the facts, but I'm not pleading guilty. Do you understand what I'm saying?

[Appellant]: Yes.

THE COURT: Okay. And everything I told you about a trial, about picking a jury, about no witnesses and about giving up all your pretrial motions, all of that applies to a no contest plea the same way the colloquy, the questions I just asked you regarding a guilty plea. Do you understand that?

[Appellant]: Yes.

THE COURT: So agreement of counsel, this will be classified as a no contest plea?

[The Commonwealth]: That's fine.

N.T. Plea/Sentencing, 10/21/13, at 14-17.

Preliminarily, this record belies Appellant's claim that counsel did not consult with him about changing from a guilty plea to a *nolo contendere* plea. Rather, the proceedings were paused (albeit for an unspecified amount of time) while counsel and Appellant had a discussion, presumably about that decision. Additionally, the court explained the *nolo contendere* plea to Appellant, and Appellant indicated that he understood. Nothing in the record indicates that counsel forced Appellant to enter the plea, as Appellant contends on appeal.

We also agree with the PCRA court that there is no arguable merit to Appellant's claim that his plea is invalid because he refused to accept the Commonwealth's factual recitation. As the PCRA court correctly observes, Appellant "did not have to agree to the facts to enter a valid [*nolo contendere*] plea." PCO at 7. Indeed, this Court has explained that,

> although a *nolo contendere* plea has the same effect as a guilty plea for purposes of sentencing and is considered a conviction, it is not an admission of guilt. Unlike a guilty plea, a *nolo contendere* plea does not involve an acknowledgment as to having committed an illegal act. Rather, the *nolo contendere* plea admits that the

- 7 -

allegations, if proven, meet the elements of the offense or offenses charged. Hence, in pleading no contest, [a defendant does] not admit to having committed the acts alleged.

***Commonwealth v. Moser***, 999 A.2d 602, 606 (Pa. Super. 2010) (cleaned up).

Therefore, Appellant's unwillingness to admit to the facts acts alleged by the Commonwealth demonstrates that a *nolo contendere* plea was appropriate. Accordingly, Appellant's underlying claim that his *nolo contendere* plea was invalid lacks arguable merit, and we also see nothing unreasonable about his attorney's decision to permit him to enter that plea.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/19