J-A12030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRY JAMES POTRZEBROWSKI | : | |
| | : | |
| Appellant | : | No. 1355 MDA 2020 |

Appeal from the Judgment of Sentence Entered August 25, 2020
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000715-2019

BEFORE:  LAZARUS, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 18, 2021**

Terry James Potrzebrowski appeals from the judgment of sentence, entered in the Court of Common Pleas of Bradford County, after entering a plea of *nolo contendere* to theft by unlawful taking.[1]  Upon review, we affirm.

On February 26, 2020, pursuant to a plea agreement with the Commonwealth, Potrzebrowski pled *nolo contendere*[2] to one count of theft by

_____

[1] 18 Pa.C.S.A. § 3921(a).

[2] This Court noted in **Commonwealth v. Moser**, 999 A.2d 602 (Pa. Super. 2010), that:

> [A]lthough a *nolo contendere* plea has the same effect as a guilty plea for purposes of sentencing and is considered a conviction, it is not an admission of guilt.  Unlike a guilty plea, a *nolo contendere* plea does not involve an acknowledgment as to having committed an illegal act.  Rather, the *nolo contendere* plea admits that the allegations, if proven, meet the elements of the offense or offenses charged.  Hence, in

*(Footnote Continued Next Page)*

unlawful taking[3] in exchange for a sentence of probation and payment of restitution. On June 4, 2020, the day of Potrzebrowski's sentencing, Potrzebrowski requested to withdraw his plea and, over the Commonwealth's objection, the trial court granted his request.[4] On June 8, 2020, the Commonwealth filed a motion to reconsider the trial court's grant of Potrzebrowski's plea withdrawal, citing, *inter alia*, Pa.R.Crim.P. 591, which provides that "[w]hen a defendant moves for the withdrawal of a plea of [] *nolo contendere*, the attorney for the Commonwealth shall be given 10 days to respond." Pa.R.Crim.P. 591; **see also id.**, cmt. (when defendant orally moves to withdraw plea of *nolo contendere* at sentencing, court should conduct on-the-record colloquy to determine whether fair and just reason exists to permit withdrawal; if court finds there may be fair and just reason, court must give attorney for Commonwealth 10 days to respond to motion).

_____

pleading no contest, [one does] not admit to having committed the acts alleged.

**Id.** at 606.

[3] The Commonwealth alleged that, on November 11, 2018, Potrzebrowski met with the victim in Bradford County to purchase her iPhone for $500 and intentionally passed five counterfeit one-hundred-dollar bills in exchange therefor, thereby exercising unlawful control over the phone. N.T. Plea Hearing, 2/26/20, at 5.

[4] Counsel for Potrzebrowski explained that Potrzebrowski "informed me today that he has evidence that . . . will exonerate him of the charges. I have not seen any of that information[,] but he informed me today that he has that with him." N.T Sentencing Hearing, 4/20/20, at 3.

- 2 -

On June 12, 2020, the trial court vacated its June 4, 2020 order and directed Potrzebrowski to file a written motion to withdraw his plea within 14 days, after which the Commonwealth would have 10 days to respond. Potrzebrowski timely filed his written motion in which he explained that "he is innocent[,] and he has evidence to prove his innocence. . . . At the time of his plea, . . . due to evidence that existed at the time, he believed that he could not overcome the Commonwealth's case." Response to Commonwealth's Motion, 6/25/20; *see also* Motion to Withdraw Plea of *Nolo Contendere*, 6/29/20 (incorporating same by reference). In response, the Commonwealth argued that Potrzebrowski failed to state with any degree of specificity what this alleged new evidence was, and therefore failed to proffer a "fair and just reason for the withdrawal of his plea[.]" Brief in Support of Opposition to Defendant's Motion, 7/6/20, at 6. Following a hearing on August 25, 2020, the trial court denied Potrzebrowski's motion to withdraw his plea and sentenced Potrzebrowski to a term of probation of 12 months, further directing that he pay $500 in restitution to the victim, a $1,000 fine, and the costs of prosecution. Potrzebrowski timely filed a notice of appeal, and both Potrzebrowski and the trial court complied with Pa.R.A.P. 1925. On appeal, Potrzebrowski raises the following issue for our review: "Did the trial court err[] in denying [Potrzebrowski]'s motion to withdraw his plea of *nolo contendere*?" Brief of Appellant, at 6.

It is well-settled that, "[i]n terms of its effect on a case, a plea of *nolo contendere* is treated the same as a guilty plea." ***Commonwealth v. Lewis***,

791 A.2d 1227, 1230 (Pa. Super. 2002). "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." *Commonwealth v. Elia*, 83 A.3d 254, 261 (Pa. Super. 2013). "An abuse of discretion will not be found based on a mere error of judgment, but rather exists where the [trial] court has reached a conclusion [that] overrides or misapplies the law, or where the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias[,] or ill-will." *Commonwealth v. Norton*, 201 A.3d 112, 120 (Pa. 2019).

Pursuant to Rule 591(A), at any time before the imposition of sentence, the trial court may, in its discretion, permit the defendant to withdraw a plea of guilty or *nolo contendere* and instead plead not guilty. *See id.* Our Supreme Court has held that, although such discretion is to be administered liberally in favor of the accused, there is no absolute right to withdraw a plea. *See Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1291 (Pa. 2015). Withdrawal is warranted only where the defendant proffers a "fair and just reason [for withdrawal] and substantial prejudice will not inure to the Commonwealth." *Id.* at 696-97.

In *Carrasquillo*, our Supreme Court held that a bare assertion of innocence is insufficient to warrant withdrawal of a plea. The Court clarified:

> [T]he proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

*Id.* at 1292.

There, Carrasquillo entered an open guilty plea to various offenses, including rape of an eleven-year-old girl. Three and one-half months later, at his sentencing hearing, Carrasquillo sought to withdraw his plea, stating, *inter alia*, that he did not rape the minor victim, that he had been "framed," and that a polygraph (or lie detector) test would prove his innocence. *See id.* at 1286. In concluding that the sentencing court acted within its discretion in denying Carrasquillo's withdrawal motion, the Supreme Court noted that Carrasquillo's assertion of innocence "was first made in sentencing allocution, after the close of the evidentiary record[, and n]o request was made to reopen the record for an orderly presentation in support of [his] request." *Id.* at 1292-93. The Court further noted that certain "bizarre statements" made by Carrasquillo in association with his declaration of innocence, including that the Central Intelligence Agency orchestrated the scheme to frame him, wholly undermined his credibility. *Id.* at 1293.

Here, Potrzebrowski entered a plea of *nolo contendere*, and over three months later, at his sentencing hearing, indicated for the first time that he was innocent and had new exculpatory evidence. Despite making this claim, Potrzebrowski did not specify **at any point** the nature of the alleged exculpatory evidence. *See generally* N.T Sentencing Hearing, 4/20/20; Response to Commonwealth's Motion, 6/25/20; Motion to Withdraw Plea of *Nolo Contendere*, 6/29/20; Brief of Appellant, at 1-10. We agree with the Commonwealth that Potrzebrowski's "refusal to disclose so much as the most

general description of what this evidence might be serves to undermine the credibility of his otherwise bare assertion of innocence." Brief of Appellee, at 5.

Under these circumstances, Potrzebrowski has not advanced a "colorable demonstration . . . that permitting withdrawal of the plea would promote fairness and justice." **See Carrasquillo**, **supra** at 1292. Therefore, the trial court was within its discretion to deny his motion to withdraw his plea of *nolo contendere*. **Elia**, **supra**; **see also Commonwealth v. Norton**, 201 A.3d 112, 114 (Pa. 2019) (trial court acted within its discretion when it denied appellant's presentence motion to withdraw plea of *nolo contendere* on the basis that bare assertion of innocence, in and of itself, is not sufficient reason to grant such motion).

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/18/2021