J-S08019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAMIEN D. MILCHAK, | |
| Appellant | No. 826 WDA 2017 |

Appeal from the PCRA Order, May 9, 2017,
in the Court of Common Pleas of Washington County,
Criminal Division at No(s): CP-63-CR-0001392-2012

BEFORE:  LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E.*

MEMORANDUM BY KUNSELMAN, J.                    **FILED MARCH 9, 2018**

Appellant, Damien D. Milchak, appeals from the order denying his first timely petition for relief filed pursuant to the Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-46.  We affirm.

Appellant's convictions arise from acts he perpetrated on his then ten-year-old stepson.[1]  The PCRA court summarized the pertinent procedural history as follows:

> On June 5, 2012, [Appellant] was charged with the following crimes:  Rape of a Child; Involuntary Deviate Sexual Intercourse (2 counts), Sexual Intercourse with Animals, Endangering the Welfare of a Child and Corruption of Minors.  [Appellant] initially had a series of

---

[1] Appellant was also charged with having intercourse with the family cat.

*Former Justice specially assigned to the Superior Court.

court-appointed attorneys. On March 18, 2013, [plea counsel] entered her appearance to represent [Appellant].

On May 17, 2013, [Appellant] pled nolo contendere to three charges – Endangering the Welfare of a Child (F3), Indecent Assault and (M2) (amended charge) and Corruption of the Morals of a Minor and received an aggregate sentence of 11 ½ to 23 months of incarceration followed by five years of probation. [Appellant] was also required to report under Megan's Law for a period of 15 years. The remaining charges were nolle prossed. [Appellant] completed a written colloquy and the Court conducted an oral colloquy. [Appellant] was released from jail three days later, on May 20, 2013, and placed on probation. On June 17, 2013, [Appellant], acting pro se, filed a Notice of Appeal of his sentence to the Pennsylvania Superior Court. [Plea counsel] sought leave to withdraw her appearance, which was granted, and [Appellant] was appointed appellate counsel by this Court. [Appellant], through his counsel, later withdrew his appeal to Superior Court on January 22, 2015.

On November 5, 2015, [Appellant] filed a pro se PCRA petition. PCRA counsel was appointed and he filed an Amended PCRA on July 22, 2016. In the Amended PCRA, [Appellant] asserted that [plea counsel] was ineffective in her representation of him by failing to provide him all of the discovery that she had, thus making his plea unknowing and involuntary. The relief requested was a withdrawal of the plea and placement of the case on the trial list.

\*\*\*

The Court granted [Appellant] a hearing on his PCRA. Four witnesses testified: [Appellant's previous counsel], [plea counsel, Rosella Milchak, [Appellant's] mother, and [Appellant].

PCRA Court Opinion, 7/31/17, at 1-3.

At the conclusion of the evidentiary hearing, the PCRA court took the matter under advisement. By order entered May 9, 2017, the PCRA court

denied Appellant's petition. This timely appeal follows. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

I. Whether the PCRA court erred in denying [Appellant's] amended PCRA petition where the evidence of record revealed that he received ineffective assistance of counsel in connection with the entry of his *nolo contendere* plea?

Appellant's Brief at 4 (excess capitalization removed).

The Superior Court's standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. **Commonwealth v. Volk**, 138 A.3d 659, 661 (Pa. Super. 2016).

Appellant's claim alleges that plea counsel's alleged ineffectiveness for advising him to enter a *nolo contendere* plea. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." **Id.** This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or

inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* In assessing a claim of ineffectiveness, when it is clear that appellant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone, without a determination of whether the first two prongs have been met. *Commonwealth v. Travaglia*, 661 A.2d 352, 357 (Pa. 1995). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

This Court has recently reiterated the following with regard to claims of claim of ineffectiveness involving regard to counsel's performance during the plea process:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary of unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> The standard for post-sentence withdraw of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest

- 4 -

> injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Kelley***, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

In support of his claim, Appellant argues that plea counsel failed to share or review all relevant discovery with him. Rather, plea counsel provided Appellant with his entire file after she no longer represented him. "Therein he discovered various documents – Unseen Discovery - that he did not know existed. According to Appellant, "[had plea counsel] reviewed those documents with him prior to entering his plea, [he] would have rejected the *nolo contendere* plea offer and instead taken the case to trial." Appellant's Brief at 13.

Nowhere within his brief does Appellant specifically identify the documents and their contents, although he identified them in his PCRA petition and admitted them as exhibits at the evidentiary hearing. These documents included interview notes with the minor victim, a letter from the hospital stating that, after it examination if the victim it could not determine whether a sexual assault occurred, two mental health treatment plans for the minor victim, and a veterinary report that no evidence of trauma to the cat.

The PCRA court summarized the testimony from this hearing as follows:

> At the hearing [plea counsel] testified that she no longer had [Appellant's] file, that she turned over all of the information to him at his request after the plea and sentence and after he appealed. Within the file that she released to [Appellant] were the five documents that [Appellant] claims were not shared or discussed. Although [plea counsel] specifically recall[ed] four out of the five documents, she clearly had all of them in her file. [Plea counsel] could not recall exactly how many times she met with [Appellant]. She clearly met with [Appellant] right after she was retained in March 2013, and again May 14, 2013 at the jail and on May 15, 2013, in Court, and again on May 17, 2013, at the plea and sentencing hearing. [Plea counsel] is an experienced criminal defense attorney, having practiced since 1978. She stated that she did not provide copies to [Appellant], consistent with her usual practice when the client is incarcerated and the information is of a sensitive nature, but that she discussed all of the discovery with him. [Appellant] testified that [plea counsel] visited him at jail and had a thick discovery packet with her but that she only discussed [Pa.R.Crim.P.] 600. [Appellant] also said they didn't discuss anything. That defies logic. [Plea counsel] went to the jail to discuss [Appellant's] case. According to [plea counsel], she went over the content of the documents and discussed defenses to the charges with [Appellant]. The credibility of the victim is a clear defense to crimes of this nature. The discovery points to the troubled nature and mental health issues of the victim.

PCRA Court Opinion, 7/31/17, at 4-5 (citations omitted).

In addition, the PCRA court specifically "accepted [plea counsel's] testimony as credible that she discussed the defenses with [Appellant,]" and "based on the testimony of plea counsel and all of the circumstances, that the discovery was shared and discussed with [Appellant]." *Id.* at 5-6.

Our review of the record supports the PCRA court's conclusions. The PCRA court credited the testimony of counsel over the testimony and other allegations made by Appellant at the PCRA hearing. We cannot disturb this determination. *See Commonwealth v. Battle*, 883 A.2d 641, 648 (Pa. Super. 2005) (explaining that credibility determinations are solely within the province of the PCRA court). Although Appellant cites to certain testimony by plea counsel and statements by the PCRA court to support his claim that the PCRA court's credibility determinations are not supported by the record, our review of the record as a whole establishes otherwise.

Appellant also claims the fact that he entered a *nolo contendere* plea rather than a guilty plea should somehow affect our review of plea counsel's effectiveness. We disagree. As this Court has summarized:

> [A]though a *nolo contendere* plea has the same effect as a guilty plea for sentencing and is considered a conviction, it is not an admission of guilt. Unlike a guilty plea, a *nolo contendere* plea does not involve the acknowledgement as to having committed any illegal act. Rather, the *nolo contendere* plea admits that the allegations, if proven, meet elements of the offense or offenses charged. Hence, in pleading no contest, [the defendant] did not admit to having committed the acts alleged.

*Commonwealth v. Moser*, 999 A.2d 602, 606 (Pa. Super. 2010) (citations omitted). The trial court explained this fact to Appellant during its oral colloquy with him, and Appellant stated that he understood. N.T. 5/17/13, at 12-13. All of the statements he made during the plea hearing are binding

upon Appellant. ***See generally***, ***Commonwealth v. Pollard***, 832 A.2d 517 (Pa. Super. 2003).

Finally, the PCRA court found that Appellant did not prove that he was prejudiced. The court explained:

> Much has been made of Exhibit D, the veterinarian's report that the cat had no evidence of trauma on June 19, 2012. While [Appellant] had been charged with Sexual Intercourse with an Animal, he did NOT plead nolo contendere to that charge and that letter and its implications would not have [had an] impact on a decision to the three charges for which he was sentenced. Further, the other four documents that were allegedly not shared are reports by CYS about [the victim] after the charges were made. Again, it is unrefuted that [plea counsel] spoke to [Appellant] generally about the quality of the Commonwealth's evidence against him. The victim is [Appellant's] step-son and it was known to everyone that [the victim] was under the care of CYS and that he had been in a residential treatment program (Mars Home for Youth) for months before being placed with his father. The believability of the victim was going to be a key issue at trial and [Appellant] was aware of the issues that could impeach [the victim's] credibility. That issue was the reason the Commonwealth offered to dismiss the very serious charges. The sentence offered allowed [Appellant] to be released from jail almost immediately, within days. [Appellant's] comments and questions [at the plea and sentencing hearing] concerned his release date. His trial was set for [July] 8, 2013. [Appellant's] focus was on his release and not preparing for trial.

PCRA Court Opinion, 7/31/17, at 6. Once again, our review of the record supports the PCRA court's conclusions. ***See also***, ***Moser***, 999 A.2d at 604 (explaining that, due to evidentiary issues and mental health issues with the

Commonwealth's witnesses, it believed a *nolo contendere* plea was appropriate.)

In sum, for all of the above reasons the PCRA court correctly concluded that Appellant failed to establish plea counsel's ineffectiveness. We therefore affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/9/2018