J-S28045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant, | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOMINIC JARRELL MCLAURIN, | : | |
| | : | No. 1538 MDA 2017 |
| Appellee | | |

Appeal from the Order Entered September 26, 2017
in the Court of Common Pleas of Lycoming County,
Criminal Division at No(s): CP-41-CR-0000640-2016

BEFORE: OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:             **FILED AUGUST 03, 2018**

The Commonwealth of Pennsylvania appeals from the Order granting Dominic Jarrell McLaurin's ("McLaurin") pre-trial Motion to Preclude the admission, at trial, of statements set forth in his prison intake document.[1] We affirm.

In its Opinion, the trial court set forth the relevant history underlying the instant appeal as follows:

> By Information filed on April 28, 2016, [McLaurin] was charged with two counts of possession with intent to deliver controlled substances[2] and related counts. The charges ar[o]se

---

[1] The Commonwealth has certified that the suppression court's Order will terminate or substantially handicap its prosecution, in accordance with Pa.R.A.P. 311(d).

[2] **See** 35 P.S. § 780-113(a)(30).

out of an incident that allegedly occurred on [February 3, 2016,[3]] when Trooper Tyson Havens and Trooper Edward Dammer of the Pennsylvania State Police were on patrol in the Newberry section of Williamsport, confronted [McLaurin,] who was seated in the driver's seat of a motor vehicle and, after further investigation, discovered eight packs of heroin in the vehicle.

A jury was selected on August 22, 2017[,] and the case was scheduled for a jury trial to begin on September 26, 2017.

Prior to the jury being brought into the courtroom and sworn, the parties met with the court for the purpose of [McLaurin] raising oral motions.

[McLaurin's] first motion consisted of a [M]otion *in limine* to preclude the use of [] McLaurin's intake document from the Lycoming County Prison. On September 22, 2017, the Commonwealth filed a Notice of Intent to Introduce Certified Records pursuant to Pennsylvania Rule of Evidence 902(11). Among the records were a [m]edical [a]dmission form[,] dated March 1, 2016, apparently completed by a prison nurse[,] which, among other things, reads as follows:

> "Street drug use: denies", "current prescribed medication: Percocet, ten milligrams—twenty milligrams/daily—since 2015", and a medication administration record noting under "medication" "Tramadol 50 mg's … 3 days prn" and ["]Tramadol 50 mg … 3 days prn."

The medication administration record also indicated[,] under "hour"[,] the numbers 8 and 12 for the first Tramadol entry[,] and the number 6 for the second Tramadol entry. The medical administration record also included the initials of a person under the numbers 16, 17 and 18[,] corresponding to the 8 and 12 entries[,] and initials of a person under the numbers 15, 16 and 17[,] corresponding with the 6 entry.

The Commonwealth intended to introduce the [m]edical [a]dmission form for the purpose of proving that [McLaurin] denied street drug use[,] thus proving that the drugs allegedly

_____

[3] In its Opinion, the trial court mistakenly states that the incident took place on January 3, 2016. *See* Trial Court Opinion, 12/19/17, at 1.

possessed by him[, approximately one month prior to his arrest,] were for the purpose of distribution and not personal use.

[McLaurin] objected to the use of the form[,] arguing that it was hearsay and prejudicial.

The Commonwealth argued that it was admissible as a business record certified under Rule 902(11).

Further, the Commonwealth wanted to introduce portions of the [medical intake documents,] where[in] [McLaurin] allegedly admitted to taking Percocets [*sic*], as well as [McLaurin's] detox observation record from March 1, 2016[,] to March 4, 2016. The Commonwealth argued that "it indicates that [McLaurin] exhibited zero symptoms of detox and received no treatment for detox." The Commonwealth argued that the detox observations prove that [McLaurin] was "not withdrawing from anything."

In addition to [McLaurin's] hearsay and prejudice argument, [McLaurin] contended that it was not relevant. Specifically, the incident occurred on February 3, 2016[,] and [McLaurin] was admitted to the Lycoming County [P]rison on March 1, 2016[,] after he was taken into custody.

Trial Court Opinion, 12/19/17, at 1-3 (footnotes added).

After a hearing, the trial court granted McLaurin's Motion to Preclude, at trial, the admission of the medical intake forms, concluding that the forms' statement regarding McLaurin's narcotics use was prejudicial, not relevant, and constituted impermissible hearsay. N.T., 9/26/17, at 10. The trial court additionally concluded that evidence regarding McLaurin's admission that he was taking Percocet on March 1, 2016, without expert testimony, would confuse the jury and cause the jury to speculate as to whether McLaurin possessed narcotics for personal use in early February 2016. ***See*** Trial Court Opinion, 12/19/17, at 3.

The Commonwealth filed a Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

The Commonwealth presents the following claims for our review:

I.    Whether the trial court erred by misapplying the law in granting [McLaurin's] Motion to Preclude Evidence?

II.   Whether the trial court erred by precluding the evidence based on the timeliness of discovery[,] when less severe remedies were available?

III.  Whether the trial court erred by granting [McLaurin] relief, in part, on grounds not asserted in his Motion to Preclude Evidence?

Brief for the Commonwealth at 7.

Our standard of review of an order granting or denying a motion *in limine* is well settled:

> When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Commonwealth v. Mangel*, 181 A.3d 1154, 1158 (Pa. Super. 2018) (quoting *Commonwealth v. Moser*, 999 A.2d 602, 605 (Pa. Super. 2010)).

In reviewing the trial court's Order, we are cognizant that "[e]vidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence[,] and the fact is of consequence in determining the action." Pa.R.E. 401. However, "[t]he court may exclude relevant evidence if its probative value is outweighed by the danger of ... unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Pa.R.E. 403.

The Commonwealth claims that the trial court misapplied the law in granting McLaurin's Motion to Preclude. Brief for the Commonwealth at 12. In support, the Commonwealth asserts that the statements in McLaurin's medical intake forms are admissible pursuant to Pennsylvania Rules of Evidence 803(4) (Statement Made for Medical Diagnosis or Treatment) and 803(6) (Records of a Regularly Conducted Activity). Brief for the Commonwealth at 12-13. In support, the Commonwealth states that it provided to the trial court a notarized certification that McLaurin's prison medical records "were made at or near the time of the occurrence of the matters set forth [therein], or from information transmitted by [] a person with knowledge for those matters;" were kept in the course of a regularly conducted activity; and were made as a regular practice. *Id.* at 14. The Commonwealth proffers that McLaurin, if addicted to street drugs, would have been unable to obtain them during his incarceration. *Id.* As such, McLaurin "would be in danger of withdrawing[,] which would require medical treatment." *Id.*

Further, the Commonwealth contends that McLaurin's statement in the medical intake forms, regarding a hernia in his back and his prescription for Percocet, were made for the purpose of continuing medical treatment. *Id.* Therefore, the Commonwealth posits, the statements in McLaurin's medical

intake forms "fell under the hearsay exceptions found in Pa.R.E. 803(4) and (6)." Brief for the Commonwealth at 15.

The Commonwealth also argues that the observations set forth in one of the medical forms, McLaurin's Detox Observation Record, should be admissible under Pa.R.E. 803(4) and (6) "as a business record exception to hearsay[,] as it was part of the certified records provided to [McLaurin]." Brief for the Commonwealth at 15. The Commonwealth proffers that a symbol used in the record (a "0" with a line through it) indicated that McLaurin showed no symptoms of "detoxing," and that "no treatment was provided to [McLaurin] for detoxing." *Id.* The Commonwealth contends that the meaning of the zero with a line through it is a universal symbol that any lay person would understand. *Id.* at 16. According to the Commonwealth, under these circumstances, the trial court abused its discretion when it precluded information provided on the Detox Observation Record as hearsay. *Id.*

Initially, we observe that in its Pa.R.A.P. 1925(b) Concise Statement, the Commonwealth preserved the following issue regarding the admissibility of McLaurin's medical documents: "The trial court erred when it granted [McLaurin's] [M]otion to Preclude Evidence." Commonwealth's Concise Statement, 10/18/17, at ¶ 1. The Commonwealth did not identify the trial court's alleged misapplication of Rules of Evidence 803(4) or 803(6) as issues to be raised on appeal. Consequently, the Commonwealth's claim as to the records' admissibility, pursuant to Rules of Evidence 803(4) and 803(6), is not

preserved for appellate review. *See Commonwealth v. Hill*, 16 A.3d 484, 491 (Pa. Super. 2011) (stating that "[a]ny issues not raised in a [Rule] 1925(b) statement will be deemed waived.") (emphasis omitted)).

In its first claim, the Commonwealth additionally argues that "[t]he trial court erred when it ruled that the medical record evidence was not relevant and extremely prejudicial." Brief for the Commonwealth at 16. The Commonwealth asserts that the information in McLaurin's medical forms "is extremely material as it would show that [McLaurin] denied street drug use[,] and that he was not detoxing from drug use." *Id.* at 17. The Commonwealth further argues that there is probative value to this information "because the fact that [McLaurin] denied street drug use tends to establish the proposition that the drugs found were held with the intention to deliver them, not personally use them." *Id.* The Commonwealth points out that it would be presenting expert testimony to establish that "if a street drug user were to suddenly stop using the street drug, the user almost always detoxes." *Id.* Thus, the Commonwealth asserts, the evidence would "make the fact that [McLaurin] was a drug dealer more probable than it would be without the evidence …." *Id.*

In its Opinion, the trial court addressed this claim and concluded that it lacks merit. *See* Trial Court Opinion, 12/19/17, at 4-9. We agree with the

sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis as to McLaurin's first claim.[4] *See id.*

We will address the Commonwealth's second and third claims together. In its second claim, the Commonwealth argues that the trial court improperly precluded the admission of the prison medical forms based on the timeliness of discovery, when less severe remedies were available. Brief for the Commonwealth at 20. The Commonwealth acknowledges the trial court's statement that it did not fault the Commonwealth for the timeliness of its production of the medical records. *Id.* at 21. Nevertheless, the Commonwealth disputes the trial court's statement that "three working days was not as sufficient amount of time to obtain appropriate rebuttal testimony or to determine if [McLaurin] would like to testify." *Id.* According to the Commonwealth, suppression of the records was not warranted, and the more appropriate remedy would be a continuance. *Id.*

In its third claim, the Commonwealth argues that the trial court erred by granting McLaurin relief, in part, on grounds not asserted in McLaurin's Motion *in Limine*. *Id.* According to the Commonwealth, McLaurin's Motion sought to preclude evidence regarding his prison medical forms "based upon the evidence being prejudicial, hearsay, and the lapse in time between the

---

[4] In its Opinion, the trial court incorporated its on-the-record statement of its reasoning, as set forth in the Notes of Testimony of the hearing on McLaurin's Motion *in Limine*. *See* Trial Court Opinion, 12/19/17, at 4-6.

alleged incident and the prison intake date." *Id.* at 22. The Commonwealth argues that the trial court raised the timeliness issue *sua sponte*, and relied on the timing of discovery, in part, in granting McLaurin's Motion. *Id.* The Commonwealth points out that during argument on McLaurin's Motion *in Limine*, the trial court improperly inquired as to whether Commonwealth's evidence would infringe on McLaurin's right to remain silent. *Id.* The Commonwealth argues that the trial court's reliance on issues not raised by McLaurin constitutes an abuse of discretion. *Id.*

In its Opinion, the trial court addressed these claims and concluded that they lack merit. *See* Trial Court Opinion, 12/19/17, at 10. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and affirm on this basis with regard to the Commonwealth's second and third claims. *See id.*

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/03/2018

IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

COMMONWEALTH         :

                       :

vs.                : No.   CR-640-2016

                       :

DOMINIC J. McLAURIN,  :

      Defendant     : Rule 1925 (a) Opinion

### OPINION IN SUPPORT OF ORDER IN COMPLIANCE WITH RULE 1925 (a) OF THE RULES OF APPELLATE PROCEDURE

By Information filed on April 28, 2016, defendant was charged with two counts of possession with intent to deliver controlled substances and related counts. The charges arise out of an incident that allegedly occurred on January 6, 2016 when Trooper Tyson Havens and Trooper Edward Dammer of the Pennsylvania State Police were on patrol in the Newberry section of Williamsport, confronted the defendant who was seated in the driver's seat of a motor vehicle and, after further investigation, discovered eight packs of heroin in the vehicle.

A jury was selected on August 22, 2017 and the case was scheduled for a jury trial to begin on September 26, 2017.

Prior to the jury being brought into the courtroom and sworn, the parties met with the court for the purpose of defendant raising oral motions.

Defendant's first motion consisted of a motion in limine to preclude the use of Mr. McLaurin's intake document from the Lycoming County Prison. On September 22, 2017, the Commonwealth filed a Notice of Intent to Introduce Certified Records pursuant to

1

Pennsylvania Rule of Evidence 902 (11). Among the records were a Medical Admission form dated March 1, 2016, apparently completed by a prison nurse which, among other things, reads as follows:

> "Street drug use: denies", "current prescribed medication: Percocet, ten milligrams – twenty milligrams/daily – since 2015", and a medication administration record noting under "medication": "Tramadol 50 mg's…3 days prn" and Tramadol 50 mg…3 days prn."

The medication administration record also indicated under "hour" the numbers 8 and 12 for the first Tramadol entry and the number 6 for the second Tramadol entry. The medication administration record also included initials of a person under numbers 16, 17 and 18 corresponding to the 8 and 12 entries and initials of a person under the numbers 15, 16 and 17 corresponding with the 6 entry.

The Commonwealth intended to introduce the Medical Admission form for the purpose of proving that the defendant denied street drug use thus proving that the drugs that were allegedly possessed by him were for the purposes of distribution and not personal use.

Defendant objected to the use of the form arguing that it was hearsay and prejudicial.

The Commonwealth argued that it was admissible as a business record certified under Rule 902 (11).

Further, the Commonwealth wanted to introduce portions of the admission form where the defendant allegedly admitted to taking Percocets as well as defendant's detox

2

observation record from March 1, 2016 to March 4, 2016. The Commonwealth argued that "it indicates that [defendant] exhibited zero symptoms of detox and received no treatment for detox." (September 26, 2017 transcript, p. 8). The Commonwealth argued that the detox observations prove that the defendant was "not withdrawing from anything." (September 26, 2017 transcript, p. 9).

.In addition to defendant's hearsay and prejudice argument, defendant also contended that it was not relevant. Specifically, the incident occurred on February 3, 2016 and the defendant was admitted to the Lycoming County prison on March 1, 2016 after he was taken into custody.

Initially, the court granted defendant's oral motion in limine concluding that it was not relevant under the circumstances too speculative and impermissible hearsay. (September 26, 2017 transcript, p. 10).

As the court specifically noted on the record:

> "The court has several concerns. While defendant's denial of street drug use may be an admission and may be admissible as an admission, under the circumstances, it is not relevant and extremely prejudicial."

The incident allegedly occurred in early February; and this Medical Admission form is dated March 1, 2016. With respect to the Commonwealth's request to introduce testimony about the defendant admitting that he was taking Percocets, that he was on detox protocol or observation and that allegedly he exhibited no symptoms, while again, said testimony might be arguably relevant, the court concludes that it would not only confuse the jury but also cause the jury to engage in speculation. This is especially true since the

3

defendant was prescribed Tramadol.

Finally, the court is of the strong opinion that in order for the Commonwealth to be able to argue what it wants with respect to the Percocet withdrawal symptoms in Tramadol that it would need an expert to testify to such and not simply leave it to the jury to conclude what may or may not be relevant under the circumstances.

In the Commonwealth's Concise Statement of Matters of Complained of on appeal, the Commonwealth argues that the court erred in precluding the evidence "based on the timeliness of discovery." With respect to this issue, the court noted as follows:

> "Another note concerns the timeliness of the providing of the information. While the court does not fault the Commonwealth in that it appears that it was requested approximately two weeks ago, it was not provided until Friday, three working days ago. This is clearly not enough time for the defendant to obtain appropriate rebuttal testimony or even make a decision whether he wishes to testify." (September 26, 2017 transcript, pp. 11-12).

Following a brief recess, the Commonwealth indicated that it intended to appeal the ruling unless the court would reconsider. The Commonwealth specifically requested from the court its reasoning. In response, the court stated as follows:

> "Just so it's clear, my denial was based on several factors. First of all, I don't believe it's relevant because of the passage of time. The defendant allegedly committed the offense on March 3, 2016. The date of the Medical Admission form is March 1, 2016, approximately a month later.
>
> There is nothing in the document that indicates a timeframe for when the defendant allegedly denied street drug use. There is nothing in the timeframe as to when he might have suffered a hernia.
>
> Now, it does say he was using Percocets since well let's just talk about the drug use, where he denied it. So the issue is several fold. I don't think it's relevant. To the extent it may be relevant, I think it's too

4

32

prejudicial because of the lapse of time.

I also believe that it's hearsay on hearsay. While I understand the Commonwealth's position that it's what the defendant said, the nurse is not present to cross-examine as to how the question was asked, what she means by street drug, how the defendant might have interpreted street drugs; and therefore, it's far too speculative.

Finally, I think the defendant was prejudiced by the fact that this wasn't given to him until Friday after the jury was selected and the jury trial was to begin on Tuesday, the following week.

Now, with respect to the Percocet issue, the Commonwealth has indicated in its offer of proof that the Percocet- that it intends to show that the defendant was taking Percocets, not heroin or cocaine and that the defendant did not detox from heroin, correct? Did I get that offered proof correct? that was your argument." (September 26, 2017 transcript, pp. 14-16).

The Commonwealth argued that its main purpose was "the street drug." (September 26, 2017 transcript, p. 16). The Commonwealth noted that the most important piece of evidence to bring in "was that the defendant denied street drug use." (September 26, 2017 transcript, p. 16).

With respect to the Percocet use, the court noted as follows:

"The court's opinion with respect to that is that it's even far less relevant and far more prejudicial because again, it's a time issue. Although, he apparently did say he's been using since 2015. But again, we don't know what a zero with a slash through it means with respect to symptoms. The jury would have to guess because there would be no testimony as to what that was. We don't know how the blood pressure would show anything or how his pulse or temperature would show anything.

There are some notes with respect to treatment; but those notes are — we don't know what they mean. The Commonwealth is proposing or submitting that they mean that there were no symptoms and no

5

treatment but again, without any evidence whatsoever.

Plus, the Commonwealth intends on arguing – well, I should say, plus the records show that the defendant was taking prescribed Tramadol by the prison for a certain period of time. We don't know necessarily how long. We don't know whether that would impact on the defendant's symptoms to withdraw from Percocets and/or heroin.

The court takes judicial notice that Tramadol is a low level, and possibly synthetic opiate but it is used as a street drug. And many heroin addicts that have been before this court through both its vivitrol program and through PV's as well as sentencings, have been found to use Tramadol recreationally when they can't find another opiate that is perhaps a little stronger.

So, in a nutshell, my decision with respect to the Percocets is that it, again, constitutes improper hearsay, that it is not relevant, that if it is relevant, its relevancy is minimal at best and that its extremely prejudicial because it would cause a jury to speculate, that it's confusing in light of the Tramadol issue and what we don't know about what was written down because no one will be there to testify and it will simply be the lawyer's interpretation of what was there and finally, it's prejudicial to the extent that the information was provided on Friday and the trial is now Tuesday morning.

I guess my other issue that I would note with respect to both Commonwealth claims is that I think it unfairly puts the defendant in a position where he would be required to respond to it; and he has no way of responding to it, either through testimony or perhaps other witnesses. And I think it infringes on his right to remain silent under the circumstances." (September 26, 2017 transcript, pp. 16-18).

In its 1925 Concise Statement of Matters Complained of on Appeal, among the arguments made by the Commonwealth are a general claim of error in granting the defendant's motion, the specific claim of error based on the timeliness and a final claim of error based on granting relief "on grounds not asserted in defendant's motion to preclude."

6

The court's reasoning is specifically set forth in the portions of the transcript cited above. Contrary to what the Commonwealth claims, the defendant argued that the proposed evidence constituted hearsay, was not relevant and was prejudicial. The court granted defendant's motion based in large part on defendant's objections. Specifically, the court noted that the evidence was not relevant, constituted impermissible hearsay and was unduly prejudicial because it required the jury to speculate.

The admissibility of evidence is within the sound discretion of the trial court, which will only be reversed upon a showing of an abuse of discretion. *Commonwealth v. Johnson*, 42 A.3d 1017, 1027 (Pa. 2012) (citations omitted). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias or ill will or such lack of support so as to be clearly erroneous." *Id.*

Rule 401 of the Pennsylvania Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Pa. R. E. Rule 401.

The proposed evidence by the Commonwealth was clearly not relevant. The fact that the defendant denied street drug use on March 1, 2016 does not make it more or less probable that on February 3, 2016 the defendant possessed heroin and crack cocaine with the intent to deliver said substances. The fact that the defendant was prescribed Percocet daily since 2015 does not make it more or less probable that he possessed with intent to deliver on

7

February 3, 2016 heroin and/or cocaine. The fact that defendant was on detox observation on March 1 through March 4 of 2016 and was administered Tramadol for as little as three or at most six days while in the Lycoming County prison does not make it more or less probable that he possessed with intent to deliver heroin and/or crack cocaine on February 3, 2016.

Evidence that is not relevant is not admissible. Pa. R.E. Rule 402.

Alternatively, the court may exclude relevant evidence if its probative value is outweighed by a danger of one or more of the following: Unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time or needlessly presenting cumulative evidence. Pa. R.E. Rule 403.

As this Rule confirms, there are dangers that outweigh relevancy. "Even relevant evidence can render a trial unfair, or produce an irrational result, Pa. R.E. Honorable Mark I. Bernstein, p. 141.

If the probative value of evidence is outweighed by the danger of unfair prejudice, the evidence may be precluded. In order to meet this standard, the evidence must create any undue tendency for the jury to decide the case on an improper basis. Pa. R. E. 403, comment; *Commonwealth v. Hairston*, 624 Pa. 143, 84 A.3d 657, 666, cert denied, 135 S. Ct. 164 (U.S. 2014). Clearly to admit the proposed evidence would be to invite the jury to render a decision on an improper basis. Indeed, the jury would be invited to render a decision not on the basis of the facts but on the basis of speculation. More specifically, the jury would be required to unfairly speculate as to the meaning and context of the documents and the information and the information set forth on the documents. What are street drugs? What

8

does the word "denies" mean when the question is street drug use. What does the administration of Tramadol mean? What is a detox observation? What is a zero with a line through it mean under symptoms? What does a zero with a vertical line through it mean with respect to treatment? What do blood pressure measurements, pulse and temperature mean with respect to detox? Most importantly, do any of these observations and/or facts as of March 1, 2016 relate to anything that occurred on February 3, 2016?

Finally, the proposed evidence constituted inadmissible hearsay. The Commonwealth argued that the hearsay objection could be overcome because "it's a business record, your honor, kept in the normal course which is part of the certification. And, also, under Rule 902 (11), certified domestic records of regularly conducted activity can be certified in lieu of having the witness present to testify, which we do have, your honor, the certification that is indeed notarized and the certification by Brad Shoemaker that these are regularly kept in the order of normal business, these records." (transcript, p. 4).

The Commonwealth's reliance on Rule 902 (11) is misplaced. The purpose of the Rule is to authenticate a document. The Rule permits certain categories of exhibits to be "received in evidence without further proof of genuineness." *Commonwealth v. Brooks*, 352 Pa. Super. 394, 398 n.1; 508 A.2d 316, 318 n.1 (1986).

However, the rule against hearsay is not overcome by self-authentication. The elimination of additional evidence for authenticity does not render the evidence admissible for the truth of its contents.

To overcome the hearsay problem, the Commonwealth argued that it was a

9

"business record." The business records exception to the hearsay rule is found in Pa. R.Evid. 803 (6).

"Pennsylvania permits, as an exception to the hearsay rule, the admission into evidence of medical records, as business records, to show the fact of hospitalization, treatment prescribed and symptoms manifested by not the admission of opinions and diagnoses contain in business records." *Commonwealth v. Christy*, 540 Pa. 192, 207; 656 A.2d 877 (1995), cert. denied. 516 U.S. 872 (1995).

The portions of the records that the Commonwealth intended to utilize would not constitute fact of hospitalization, treatment prescribed or symptoms manifested. In fact, the portions of the documents include responses made by the defendant to certain questions and in administration record and detox observation record. Unfortunately for the Commonwealth, and while the court recognizes that an argument can be made that the records do reflect some treatment prescribed or symptoms manifested, they are speculative at best and even if they come within the business records exception to the hearsay rule, they are not admissible.

Finally, the Commonwealth argues that the court precluded the evidence based on the timeliness of discovery and on grounds not asserted by defendant. A review of the record demonstrates that these assertions are simply not true. While the court referenced the timeliness issue, it noted such in the context of prejudice. Moreover, and determinatively, defendant raised three issues in support of his motion in limine: relevancy, prejudice and hearsay. The court granted the motion on all three grounds.

10

Date:    12-19-17

By The Court,

Marc F. Lovecchio, Judge

cc:    Nicole Ippolito, Esquire (ADA)
       Matthew Welickovitch, Esquire (APD)
       Work File
       Gary Weber, Esquire (Lycoming Reporter)
       Superior Court (original and 1)

11