J-S79004-18
J-S79005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BILAL IBN SABUR | : | |
| | : | |
| Appellant | : | No. 1138 MDA 2017 |

Appeal from the PCRA Order June 30, 2017
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000196-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| BILAL IBN SABUR | : | |
| | : | |
| Appellant | : | No. 1139 MDA 2017 |

Appeal from the PCRA Order June 30, 2017
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000630-2011

BEFORE: SHOGAN, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                                    **FILED APRIL 05, 2019**

Appellant, Bilal Ibn Sabur, appeals *pro se* from the order[1] dismissing his

first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"),

42 Pa.C.S. §§ 9541-9546. We affirm.

---

[1] The PCRA court's order disposed of Appellant's PCRA petition filed at both common pleas court docket numbers, even though the cases were not consolidated in the court of common pleas. For reasons that follow, this Court, *sua sponte*, consolidates the two resulting appeals. Pa.R.A.P. 513.

The PCRA court summarized the factual and procedural history of this case as follows:

On January 28, 2011, [Appellant] and Ryan Smith got into a disagreement concerning Smith's girlfriend when they were at a local bar. [Appellant], Smith, Dawine Jeffreys, and Bernard Daniels left the bar and went into a nearby alley. While these individuals were in the alley, [Appellant] pulled out a gun and fired several shots. As a result, Dawine Jeffreys sustained gunshot wounds to his leg.

On January 31, 2011, police charged [Appellant] with two counts of criminal attempt – homicide, one count of possession of an instrument of crime (weapon), four counts of aggravated assault, two counts of recklessly endangering another person, three counts of simple assault, one count of possession of a firearm without a license, and one count of persons not to possess a firearm. The Magisterial District Judge dismissed the one count of attempted homicide, two counts of aggravated assault, one count of recklessly endangering another person and one count of simple assault that named Ryan Smith as the alleged victim. The remaining counts, which either listed Dawine Jeffreys as the victim or involved [Appellant's] possession of a firearm, were held for court. The charges were filed to Information CR-196-2011.

After [Appellant] was arrested and placed in the county prison, he made a phone call from the prison to his girlfriend asking her to call another individual to get rid of the gun. As a result of this phone call, [Appellant] was charged with conspiracy to tamper with physical evidence in CR-630-2011.

The cases were consolidated for trial,[2] but the persons not to possess a firearm charge was severed because it required proof of [Appellant's] prior record, which generally would not be admissible in a trial on the other charges.

On January 23, 2012, a jury acquitted [Appellant] of attempted homicide, but convicted him of possession of an instrument of crime, aggravated assault – attempt to cause

---

[2] On June 3, 2011, the Commonwealth filed a notice of joinder pursuant to Pa.R.Crim.P. 582(B)(1), that the two matters would be tried together.

serious bodily injury, aggravated assault – cause bodily injury with a deadly weapon, recklessly endangering another person, simple assault – cause bodily injury, simple assault- by physical menace, possession of a firearm without a license and conspiracy to tamper with physical evidence.[3] On that same date, [Appellant] waived his right to a jury trial on the severed charge of person not to possess a firearm. The court considered the evidence presented at trial, as well as additional evidence the Commonwealth introduced regarding [Appellant's] prior criminal record. On January 26, 2012, the court found [Appellant] guilty of person not to possess a firearm.[4]

The court sentenced [Appellant] [on May 7, 2012] to an aggregate term of 18 to 38 years' incarceration in a state correctional institution. [Appellant] filed post sentence motions, which the court granted in part and denied in part. The court granted [Appellant's] post sentence motion and vacated his sentence for recklessly endangering another person, because that offense merged with aggravated assault for purposes of sentencing. This reduced [Appellant's] aggregate sentence to 1[8] to 36 years' incarceration in a state correctional institution.[5] The court denied the remainder of [Appellant's] post sentence motion.

[Appellant] appealed to the Pennsylvania Superior Court, which affirmed his judgment of sentence on June 3, 2014. [Appellant] sought allowance of appeal, which the Pennsylvania Supreme Court denied on December 26, 2014.

[Appellant] filed a pro se [PCRA] petition[6] which, following the appointment of counsel, was amended several times. [Appellant] asserted numerous issues of ineffective assistance of

---

[3] 18 Pa.C.S. §§ 907(b), 2702(a)(1), 2702(a)(4), 2705, 2701(a)(1), 2701(a)(3), 6106(a)(2), and 903(a)(1), respectively.

[4] 18 Pa.C.S. § 6105(a)(1).

[5] Appellant was resentenced on October 12, 2012.

[6] Appellant filed his PCRA petition on March 31, 2015, at both common pleas court docket numbers.

trial counsel. The court gave [Appellant] notice of its intent to dismiss many of his issues without holding an evidentiary hearing, but granted an evidentiary hearing on three issues. The court denied [Appellant's] PCRA petition in its Opinion and Order entered on June 30, 2017.

On July 17, 2017, [Appellant] filed a petition for appointment of new counsel or, in the alternative, to proceed pro se. On July 20, 2017, [Appellant] filed a timely pro se appeal.[7] The court forwarded a copy of [Appellant's] notice of appeal to PCRA counsel. As it was unclear who would be representing [Appellant] or whether he would be proceeding pro se, the court deferred issuing its order directing [Appellant] to file a concise statement of matters complained of on appeal until after the hearing on [Appellant's] motion.

At a hearing held on August 15, 2017, [Appellant] waived his right to appellate counsel and elected to proceed pro se with newly appointed standby counsel.

On September 5, 2017, [Appellant] filed his concise statement in which he asserted 17 claims of ineffective assistance of PCRA counsel, none of which were previously presented to the trial court.

PCRA Court Opinion, 12/14/17, at 1-4. The trial court filed its Pa.R.A.P. 1925(a) opinion on December 14, 2017.[8]

---

[7] Appellant filed a notice of appeal at both docket numbers.

[8] Appellant's PCRA petition includes claims related to the two underlying common pleas court cases. As noted, the cases were tried together in the court of common pleas. Appellant was sentenced simultaneously for the convictions in both cases, his direct appeal included both common pleas court docket numbers, *Commonwealth v. Sabur*, 105 A.3d 23, 1955 MDA 2012 (Pa. Super. filed June 3, 2014), and Appellant's PCRA petition was filed at both docket numbers. Appellant also filed a notice of appeal from the order denying his PCRA petition at each docket number, resulting in two related appeals before this Court: 1138 MDA 2017 and 1139 MDA 2017. We further note this Court's December 20, 2017 order, directing the parties to file a single brief for

Appellant presents the following issues for our review:

I.      Was PCRA counsel ineffective for failing to subpoena, question or call Appellant's trial counsel and/or Appellant's alibi witness to testify at Appellant's [PCRA] hearing?

II.     Was PCRA counsel ineffective for failing to subpoena, question or call Appellant's trial counsel to testify at Appellant's [PCRA] hearing regarding the failure to request a jury instruction, specifically on misidentification?

III.    Was PCRA counsel ineffective for failing to subpoena, question or call Appellant's trial counsel to present evidence that proves that counsel lacked a reasonable basis for failing to object to the line of questioning by the Commonwealth; 42 Pa.C.S. § 5918?

IV.     Was PCRA Counsel ineffective for failing to investigate and/or raise trial counsel's ineffectiveness with meritorious claims?

Appellant's Brief at 5.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Id***.

---

both appeals at 1138 MDA 2017 and 1139 MDA 2017. Accordingly, this Court hereby consolidates these two appeals *sua sponte*. **See** Pa.R.A.P. 513 ("Where there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal[.]").

Appellant's claims on appeal allege ineffectiveness by PCRA counsel. These issues, however, were not raised before the PCRA court. In fact, Appellant raised these issues for the first time in his Pa.R.A.P. 1925(b) statement after filing an appeal from the order denying his PCRA petition.

In **Commonwealth v. Ford**, 44 A.3d 1190 (Pa. Super. 2012), this Court explained:

> [I]ssues of PCRA counsel effectiveness must be raised in a serial PCRA petition or in response to a notice of dismissal before the PCRA court. . . . Therefore, we hold that, absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter.

**Id.** at 1200-1201. In **Commonwealth v. Henkel**, 90 A.3d 16 (Pa. Super. 2014) (*en banc*), this Court reaffirmed **Ford**. We again addressed this issue in **Commonwealth v. Smith**, 121 A.3d 1049 (Pa. Super. 2015), and further explained:

> The purpose of a [Pa.R.Crim.P.] 907 pre-dismissal notice is to allow a petitioner an opportunity to seek leave to amend his petition and correct any material defects, the ultimate goal being to permit merits review by the PCRA court of potentially arguable claims. The response to the Rule 907 notice is an opportunity for a petitioner and/or his counsel to object to the dismissal and alert the PCRA court of a perceived error, permitting the court to discern the potential for amendment. The response is also the opportunity for the petitioner to object to counsel's effectiveness at the PCRA level. When a PCRA court properly issues Rule 907 notice in compliance with the rules of criminal procedure, an appellant is deemed to have sufficient notice of dismissal.
>
> Absent recognition of a constitutional right to effective collateral review counsel, claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been

taken from the underlying PCRA matter. A petitioner's failure to raise an ineffectiveness of counsel claim after receiving Rule 907 notice results in waiver of the claim.

*Id.* at 1054 (internal citations and quotations omitted); *see also* *Commonwealth v. Rigg*, 84 A.3d 1080, 1085 (Pa. Super. 2014) ("[W]here the new issue is one concerning PCRA counsel's representation, a petitioner can preserve the issue by including that claim in his Rule 907 response or raising the issue while the PCRA court retains jurisdiction.").

In this case, the PCRA court entered an opinion and order on December 6, 2016, stating that it would hold an evidentiary hearing on December 28, 2016,[9] on three of Appellant's claims alleging trial counsel ineffectiveness, but notifying Appellant of its intent to dismiss the petition without a hearing with respect to all other claims. PCRA Court Opinion and Order, 12/6/16, at 16. Appellant filed a *pro se* response on December 29, 2016. In it, Appellant sought an extension of time and leave to amend his PCRA petition "due to government interference with the institutional staff at S.C.I Dallas." Motion, 12/29/16, at 1. The issues Appellant sought to address in an amended PCRA petition related to alleged ineffectiveness by trial counsel. *Id.* at 1-6 (unnumbered pages). Appellant did not assert PCRA counsel's ineffectiveness. *Id.* In response, the PCRA court issued an order directing that the motion be forwarded to Appellant's attorney. Order, 1/5/17,

_____

[9] Despite this proposed schedule, the hearing took place on February 13, 2017.

- 7 -

at 1.  The order further stated, in the alternative, that the court would deny the motion.  *Id.*

> [Appellant] and his counsel have had multiple opportunities to amend [Appellant's] PCRA petition.  The court found that some of the issues lacked merit as a matter of law, but granted an evidentiary hearing on other issues.  The hearing was rescheduled from December 28, 2016 to February 13, 2017.  The request for an extension of 60 days would be beyond the new date set for the evidentiary hearing in this matter.

*Id.* at 1-2.  The hearing took place on February 13, 2017, and the trial court dismissed Appellant's PCRA petition on June 30, 2017.

Thus, Appellant received proper notice of the court's intent to dismiss his petition under Pa.R.Crim.P. 907.  Appellant filed a *pro se* response, but in it did not raise claims of PCRA counsel's ineffectiveness.  Furthermore, Appellant took no other action to raise claims of PCRA counsel's ineffectiveness before the PCRA court prior to its denial of Appellant's petition on June 30, 2017.  Instead, Appellant raised his claims for the first time in his Pa.R.A.P. 1925(b) statement after filing an appeal from the denial of the underlying petition.  "Appellant had an affirmative duty to preserve his claims.  If Appellant wanted to assert claims of ineffective assistance of PCRA counsel, he should have consulted counsel and/or the court to learn the correct procedure."  *Smith*, 121 A.3d at 1055.  Thus, because claims of PCRA counsel ineffectiveness cannot be raised for the first time after a notice of appeal has been taken from the underlying PCRA matter, Appellant's claims are waived. *Ford*, 44 A.3d 1200-1201; *Smith*, 121 A.3d at 1054.

Thus, we conclude that Appellant's claims of PCRA counsel's ineffectiveness that were raised for the first time in his Rule 1925(b) statement are not reviewable. Accordingly, we affirm.[10]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/05/2019

---

[10] The PCRA court denied Appellant's PCRA petition on the basis that Appellant failed to prove his claims of trial counsel's ineffectiveness. PCRA Court Opinion, 1/30/17, at 1-4. This Court may affirm a decision of the trial court if there is any basis on the record to support the trial court's actions, even if we rely on a different basis. ***Commonwealth v. Moser***, 999 A.2d 602, 606 n.5 (Pa. Super. 2010).