J-A02030-21

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN ANTHONY VIVIS | : | |
| | : | |
| Appellant | : | No. 751 WDA 2020 |

Appeal from the PCRA Order Entered July 1, 2020
In the Court of Common Pleas of Cambria County Criminal Division at
No(s): CP-11-CR-0002276-2004

BEFORE: BOWES, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.: FILED FEBRUARY 25, 2021

Appellant Kevin Anthony Vivis appeals from the order denying, after an evidentiary hearing, his timely petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. Appellant argues that the PCRA court erred in denying relief for his claims relating to the revocation of his probation. We affirm.

A previous panel of this Court summarized the procedural history of this case as follows:

> On March 7, 2006, [Appellant] entered guilty pleas at three separate docket numbers to involuntary deviate sexual intercourse, corruption of minors, and possession with intent to deliver a controlled substance. Thereafter, on June 27, 2006, the trial court sentenced [Appellant] to 45 to 90 months' incarceration, followed by 10 years' probation. [Appellant] did not pursue a direct appeal.

Commonwealth v. Vivis, 788 WDA 2013, 2014 WL 10920315, at *1 (Pa. Super. filed May 1, 2014) (footnotes omitted).

We adopt the PCRA court's summary of the subsequent procedural history. See PCRA Ct. Op. & Order, 7/1/20, at 2-6. Briefly, we note that on May 7, 2018, a state parole officer arrested Appellant for three violations of the terms of his probation, including testing positive for amphetamines, having a cell phone that contained pornographic images, and accessing pornographic chatrooms. The trial court held a revocation hearing on June 5, 2019. On July 23, 2019, the trial court resentenced Appellant to a term of two to five years' incarceration. Id. at 5. Appellant filed a motion to modify sentence, which the trial court denied. Id. Appellant filed a notice of appeal, but this Court dismissed that appeal for failure to comply with Pa.R.A.P. 3517 on December 30, 2019. Id.

On March 30, 2020, Appellant filed a timely pro se PCRA petition. Id. at 6. The PCRA court appointed counsel for Appellant, and counsel filed an amended PCRA petition on April 29, 2020. Id. Appellant raised three claims relating to the June 5, 2019 probation revocation hearing: (1) no evidence was submitted to establish Appellant failed a drug test; (2) the state parole officer's search of a cell phone was illegal because the officer lacked a search warrant; (3) no evidence was presented that Appellant possessed or viewed pornography found on that cell phone. Am. PCRA Pet., 4/29/20, at 4-5.

The PCRA court held a hearing on May 5, 2020, at which Appellant testified. PCRA Ct. Op. & Order at 6. At the hearing, Appellant rejected the

- 2 -

Commonwealth's offer to reinstate his direct appeal rights and instead elected to proceed with the PCRA hearing. Id. at 7 n.1 (citing N.T. PCRA Hr'g, 5/5/20, at 2-3).

On July 1, 2020, the PCRA court entered an opinion and order denying Appellant's petition. The PCRA court noted that Appellant's claims were not cognizable under the PCRA and should have been raised on a direct appeal. Id. at 7. However, the PCRA court also addressed Appellant's claims on the merits, construing them as claims of ineffective assistance of counsel. Id. The PCRA court concluded that Appellant failed to establish that his counsel at the probation revocation hearing was ineffective. Id. at 7-10.

Appellant simultaneously filed a timely notice of appeal and a Pa.R.A.P. 1925(b) statement on July 20, 2020. The PCRA Court issued a Rule 1925(a) opinion adopting the analysis set forth in its July 1, 2020 opinion and order denying Appellant's PCRA petition. See PCRA Ct. Op., 9/15/20, at 2-3.

Appellant raises the following issues on appeal:

1. The [PCRA] court erred in denying [] Appellant's [PCRA petition] in regards to the issue that his parole agent failed to present any evidence that he failed his drug screen.

2. The [PCRA] court erred in denying [] Appellant's [PCRA petition] in regards to the issue that his parole agent's search of the cell phone was illegal as no search warrant existed for the cell phone.

3. The [PCRA] court erred in denying [] Appellant's [PCRA petition] in regards to the issue that [] Appellant's parole agent failed to present any evidence that he was in possession of or viewed pornography on the cell phone which belonged to Hikeem Frost, and to which Frost testified to using to view pornography.

Appellant's Brief at 4 (some capitalization omitted).

Appellant's first and third claims both relate to the sufficiency of evidence supporting his probation violations. Specifically, Appellant's first claim challenges the results of his drug test and his third claim challenges the evidence establishing that he possessed or viewed pornography. See id. at 12-13, 18-20. In his second claim, Appellant alleges that certain evidence presented at the revocation hearing should have been suppressed because the parole officer did not have a warrant to search the cell phone. See id. at 14-18.

The Commonwealth responds that all of Appellant's issues are waived because they could have been raised in his direct appeal, which was dismissed. Commonwealth's Brief at 4-6. The Commonwealth also argues that Appellant's claims not cognizable under the PCRA because Appellant presents them as if they were being raised on direct appeal. Id. at 6-8.

Our standard of review from the denial of a PCRA petition "is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." Commonwealth v. Ousley, 21 A.3d 1238, 1242 (Pa. Super. 2011) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a de novo standard of review to the PCRA court's legal conclusions." Commonwealth v. Mitchell, 105 A.3d 1257, 1265 (Pa. 2014) (citation omitted). This Court "may affirm a decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's

- 4 -

actions, even if we rely on a different basis." Commonwealth v. Moser, 999 A.2d 602, 606 n.5 (Pa. Super. 2010) (citation omitted).

"To be entitled to PCRA relief, [the petitioner] must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2), and that the allegation of error has not been previously litigated or waived." Mitchell, 105 A.3d at 1265-66 (citation omitted); see also 42 Pa.C.S. § 9543(a)(3) (stating that in order to eligible for relief, the petitioner must plead and prove "the allegation of error has not been previously litigated or waived"). A claim is waived for the purposes of the PCRA when "the petitioner could have raised it but failed to do so before trial, at trial . . . [or] on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b). "Generally, an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal." Commonwealth v. Price, 876 A.2d 988, 995 (Pa. Super. 2005) (citation omitted); see also Commonwealth v. Reyes-Rodriguez, 111 A.3d 775, 780 (Pa. Super. 2015) (stating that "[a]t the PCRA stage, claims of trial court error are either previously litigated (if raised on direct appeal) or waived (if not)" (citation omitted)).

Here, the PCRA court concluded that Appellant's claims were not cognizable under the PCRA because they should have been raised on direct appeal. PCRA Ct. Op., 9/15/20, at 2.

Following our review, we conclude that Appellant's claims are waived for the purposes of the PCRA. Both of Appellant's sufficiency claims could have been presented on direct appeal as a challenge to the revocation of his probation. See Commonwealth v. Perreault, 930 A.2d 553, 557-59 (Pa. Super. 2007) (reviewing the sufficiency of the evidence supporting the defendant's probation violations on direct appeal). Similarly, Appellant's suppression claim could have been raised before the revocation of Appellant's probation.[1] See Commonwealth v. Arter, 151 A.3d 149, 152 (Pa. 2016) (reviewing the denial of a motion to suppress prior to a parole revocation hearing on direct appeal).

As all of Appellant's claims could have been raised before the revocation hearing and/or on direct appeal concerning the revocation of his probation and resentencing, therefore we conclude that all of his claims have been waived under the PCRA. See 42 Pa.C.S. § 9544(b); Price, 876 A.2d at 995; see also Reyes-Rodriguez, 111 A.3d at 780. For these reasons, we affirm the PCRA court's denial of Appellant's PCRA petition, albeit on a different basis than the PCRA court. See Ousley, 21 A.3d at 1242; see also Moser, 999 A.2d at 606 n.5.

Order affirmed.

_____

[1] Although the PCRA court also addressed this suppression issue in the context of an ineffective assistance claim, Appellant does not allege his prior counsel was ineffective in failing to argue that the contents of the cell phone should have been suppressed. Compare Appellant's Brief at 14-18 with PCRA Ct. Op. & Order at 9-10.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/25/2021