J-S16014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID EDWARD GLENN, JR. | : | |
| | : | |
| Appellant | : | No. 1558 MDA 2021 |

Appeal from the PCRA Order Entered November 15, 2021
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0001704-2018

BEFORE: PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.: **FILED: SEPTEMBER 27, 2022**

David Edward Glenn, Jr. appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. Glenn argues that his counsel was ineffective for failing to file a motion to suppress evidence which resulted in an unknowingly entered plea. We vacate and remand for a hearing.

The following factual background is taken from the recitation of facts provided by the Commonwealth at Glenn's plea hearing. On January 31, 2018, Officer Christopher Collare, a member of the Cumberland County Drug Task Force, conducted a traffic stop of a vehicle. The driver of the vehicle was a confidential informant for the Carlisle Police Department, and Glenn was asleep in the backseat. The informant informed Officer Collare that Glenn was

_____

[*] Retired Senior Judge assigned to the Superior Court.

in possession of narcotics and a firearm. However, Collare found the heroin in the informant's purse and the firearm on the floor of the vehicle. Officer Collare directed the informant to plant the heroin and firearm on Glenn. He subsequently informed the Pennsylvania State Police ("PSP") that Glenn was in the car and possessed "a handgun and narcotics." Affidavit of Probable Cause, filed 1/31/18. Thereafter, the PSP searched the car, which was stopped at a service plaza. They found a gun on the floor of the car next to Glenn, and heroin on the seat next to Glenn. After processing Glenn, the PSP found cocaine in Glenn's sock. The police arrested Glenn, and the Commonwealth charged him with possession with intent to deliver cocaine, persons not to possess firearms, and firearms not to be carried without a license.

On March 7, 2019, Glenn entered a plea of *nolo contendere* to possession with intent to deliver cocaine. The Commonwealth withdrew the remaining charges. The trial court immediately sentenced Glenn to three to six years in prison. Glenn did not file a direct appeal.

On February 26, 2020, Glenn, *pro se*, filed a timely PCRA petition. In the petition, he argued that counsel was ineffective for failing to advise him on possible grounds to suppress evidence based upon Office Collare's conduct,[1] and therefore, his plea was unknowing. The PCRA court appointed

---

[1] In January 2020, Officer Collare was indicted for using informants to plant drugs on individuals, which led to arrests, and allowing the informants to keep money and/or narcotics from controlled buys and exchanging favors with the informant for sexual favors. ***See U.S. v. Collare***, Crim. No. 1:20-CR-00017,

Glenn counsel, and counsel subsequently filed an amended petition, raising substantially the same issue. Ultimately, the PCRA court dismissed Glenn's petition without holding an evidentiary hearing. This timely appeal followed.

On appeal, Glenn raises a single question for our review: "Whether the PCRA court abused its discretion in not holding an evidentiary hearing regarding [Glenn's] attempt to withdraw his *nolo contend[e]re* plea pursuant to the post-conviction relief act?" Brief for Appellant at 4 (unnumbered, some capitalization omitted).

We have a well settled standard of review regarding a court's dismissal of a PCRA petition: "We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Franklin***, 990 A.2d 795, 797 (Pa. Super. 2010) (citation omitted). Further, "[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." ***Commonwealth v. Maddrey***, 205 A.3d 323, 328 (Pa. Super. 2019) (citation omitted).

Glenn claims that the "trial court abused its discretion in not granting an evidentiary hearing regarding [his] attempt to withdraw his *nolo*

_____

2020 WL 2735356 (M.D. Pa. May 26, 2020), *reconsideration granted on other grounds*, ***U.S. v. Collare***, 2020 WL 3402401 (M.D. Pa. June 19, 2020).

*contend[e]re* plea pursuant to the post-conviction relief act." Brief for Appellant at 13 (unnumbered). Glenn contends that counsel's ineffectiveness caused him to enter an unknowing plea. ***See id.*** at 14. He asserts the PSP's search and seizure was illegal because the search was premised on planted evidence. ***See id.*** at 14, 17. Therefore, Glenn argues that his counsel was ineffective because he did not advise Glenn on the possibility of filing a motion to suppress the evidence gained from the search. ***See id.*** at 14, 16-17. For this reason, Glenn seeks a PCRA evidentiary hearing. ***See id.*** at 15, 19.

> It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

***Franklin***, 990 A.2d at 797 (citation omitted).

> A criminal defendant has the right to effective counsel during a plea process as well as during trial. The law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of [*nolo contendere*]. Instead, the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. The voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Therefore, allegations of ineffectiveness in connection with the entry of a [*nolo contendere*] plea will serve as a basis for relief only if the ineffectiveness caused [the defendant] to enter an involuntary or unknowing plea.

> Our law is clear that, to be valid, a [*nolo contendere*] plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a [*nolo contendere*] plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

***Commonwealth v. Bedell***, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citations omitted).[2] Additionally, "[i]n determining whether a [*nolo contendere*] plea was entered knowingly and voluntarily, ... a court is free to consider the totality of the circumstances surrounding the plea." ***Id.*** (citation omitted) (ellipsis in original).

During the plea colloquy, Glenn acknowledged that he could read, write, and understand English. **See** N.T., Guilty Plea Hearing, 3/7/19, at 2-3. Glenn stated that he understood the nature of the charge — possession with intent to deliver cocaine — and agreed to plead *nolo contendere*. **See id.** at 3. Glenn also understood and accepted the factual basis of the underlying charge. **See id.** at 6. Moreover, Glenn understood the maximum possible sentence as well as the sentencing guidelines. **See id.** at 3, 6.

Additionally, Glenn acknowledged that he was giving up his right to a jury trial where he would have been represented by counsel. **See id.** at 3. Likewise, Glenn understood that by entering a plea, he was foregoing his right

---

[2] The legal effect of a plea of *nolo contendere* is the same as a guilty plea. ***See Commonwealth v. Lewis***, 791 A.2d 1227, 1230 (Pa. Super. 2002).

to be presumed innocent until proven guilty, and it was the Commonwealth's sole burden to prove his guilt beyond a reasonable doubt. *See id.* at 3-4. Glenn also understood that he had the right to remain silent, which the jury was prohibited from holding against him. *See id.* Furthermore, Glenn acknowledged that by pleading *nolo contendere*, he was limiting his appellate rights to the jurisdiction of the court, the legality of his sentence, and the voluntariness of his plea. *See id.* at 4, 5-6.

Glenn also affirmed that no one forced, coerced, or threatened him into his pleading. *See id.* at 6. Glenn clearly and explicitly stated that he entered this plea knowingly and voluntarily because it was in his best interest. *See id.*

Most importantly, Glenn conceded that he had discussed his plea with his attorney. *See id.* at 6. He agreed that despite his awareness that the heroin had been planted on him, it was in his best interest to plead no contest to the charge of possession of cocaine with intent to deliver. *See id.* However, he was not specifically questioned on whether he discussed the possibility of suppressing all the evidence from the search. Ultimately, the trial court accepted the plea. *See id.* at 6-7. We further observe that Glenn has consistently maintained that he did not knowingly possess either the heroin or the firearm, *see id.*, at 5; *see also* PCRA Petition, 2/26/2020, at attached memorandum 4.

We therefore turn to whether he presented sufficient allegations to justify a hearing on his claim of ineffective assistance of plea counsel. While

Glenn's petitions and brief are hardly models of specificity and clarity, the only evidence relevant to his claims is the cocaine found in his shoe, as it is the only crime to which he pled. We note that Glenn has not explicitly asserted that the cocaine was planted on him. This, however, is not immediately fatal to his claim. The operative legal question is whether there is arguable merit to the contention that he could have had the cocaine suppressed.

While neither the parties nor the trial court have addressed this issue in detail, the issue depends directly on the application of what is known as the collective knowledge doctrine. Under this doctrine, an arresting officer may, under most circumstances, rely on statements made by fellow officers when effecting a seizure:

> We do not, of course, question that the [arresting] police were entitled to act on the strength of the radio bulletin. Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause. Where, however, the contrary turns out to be true, an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest.

**Commonwealth v. Yong**, 177 A.3d 876, 881 (Pa. 2018) (quoting **Whiteley v. Warden**, 401 U.S. 560, 568 (1971)) (brackets in original). The doctrine applies equally when analyzing whether police had probable cause to stop, investigate, or search a defendant. **See Commonwealth v. Hicks**, 208 A.3d 916, 949 (Pa. 2019).

Here, based on the limited record before us, the PSP stopped and searched Glenn based upon information received from Officer Collare. While the PSP were entitled to rely on information provided by a fellow officer, Officer Collare's misconduct in this case "cannot be insulated from challenge" by his use of the PSP as an intermediary. *Yong*, 177 A.3d at 881. It is undisputed, at this time, that Officer Collare conveyed inaccurate information to the PSP and further had an informant plant heroin near Glenn. The record is unclear as to whether Officer Collare had informed the PSP that Glenn possessed cocaine. Further, it is unclear how much the informant manipulated the placement of the handgun. Finally, we acknowledge that the record is severely limited on the circumstances of the PSP's approach and search of the vehicle where Glenn was found. However, it remains the case that if the only reason the PSP ultimately discovered the cocaine in Glenn's sock was the manipulated evidence of Glenn's possession of the handgun and heroin, it is arguable the cocaine should have been suppressed as the fruit of the poisonous tree. *See Commonwealth v. Shabezz*, 166 A.3d 278, 289 (Pa. 2017). Accordingly, and again based solely on the limited record before us, Glenn has alleged sufficient facts to establish a possible right to suppress the cocaine found in his shoe.

Glenn further argues that plea counsel did not discuss this possibility with him. We highlight that Glenn pled *nolo contendere*. "[A]lthough a *nolo contendere* plea has the same effect as a guilty plea for purposes of sentencing

and is considered a conviction, it is not an admission of guilt." ***Commonwealth v. Moser***, 999 A.2d 602, 606 (Pa. Super. 2010) (citation omitted). Instead, it is an admission that the Commonwealth possesses sufficient evidence to convict the defendant of the charge. ***See id***. While a guilty plea is a confession that can be used in other proceedings, a *nolo contendere* plea has no effect outside the present case. ***See id***.

Hence, Glenn's plea was that the Commonwealth possessed sufficient evidence to convict him of possession of cocaine with intent to distribute. Obviously, the possibility of suppressing the cocaine found on his person is an important consideration in deciding whether to plead *nolo contendere* to the charge. As a result, Glenn has presented a colorable claim that plea counsel should have discussed the issue with him before allowing Glenn to enter his plea. These considerations also support a finding that Glenn has alleged sufficient facts to establish he suffered prejudice from counsel's alleged omission.

That leaves only the question of whether plea counsel had a reasonable strategy for not discussing a suppression motion with Glenn. As no hearing was held on the PCRA petition, there is no evidence of record for us to review to analyze whether counsel had a reasonable strategy for allegedly failing to discuss the prospects of a suppression motion. Under these circumstances, appellate courts generally resort to remand to allow for further development of the record. ***See Commonwealth v. Spotz***, 84 A.3d 294, 313 (Pa. 2014)

(noting that courts are not permitted to speculate as to counsel's possible strategies).

Accordingly, we conclude the PCRA court abused its discretion by dismissing Glenn's petition without a hearing. If found to be credible, Glenn's assertion that counsel failed to discuss a suppression motion with him before the plea has arguable merit and could be found to have caused him prejudice. Of course, further development of the factual record may shed new light on even this issue, and we do not foreclose the possibility of the PCRA court reassessing arguable merit or prejudice based on a complete record. On the other hand, if Glenn's assertions are proven at a hearing, and plea counsel is further found to not have had a reasonable strategy for failing to discuss the possibility of a suppression motion, Glenn would be entitled to relief. We therefore vacate the PCRA court's order and remand for a hearing on Glenn's claims.

Order vacated. Case remanded for a hearing consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2022

- 10 -